Ira GERSHWIN, Arthur Gershwin, Emanual Alexandre and Hugo Pollock, as Executors and Trustees under the Last Will and Testament of Rose Gershwin,

v.

The UNITED STATES.

No. 174-55.

United States Court of Claims.

May 8, 1957.

Martin A. Roeder, New York City, for plaintiffs. Leonard S. Saxe, New York City, was on the brief.

Harold S. Larsen, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew D. Sharpe, James P. Garland and Gilbert E. Andrews, Washington, D. C., were on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

The basic issue herein is whether the money received by plaintiffs' decedent under a contract for the motion picture rights to certain unpublished musical compositions of her son, George Gershwin, is to be taxed as a capital gain or as ordinary income. The compositions had been inherited by decedent from her son upon his death in 1937. The Commissioner of Internal Revenue asserted a deficiency, which has been paid, and timely claim for refund has been filed.

The case is before us on defendant's motion for judgment on the pleadings, filed October 12, 1956, and plaintiffs' motion for summary judgment, filed December 31, 1956.

The pleadings raise the question of whether the transaction constituted a sale or merely a license. If it was a sale, the income therefrom may be taxed as a capital gain; if a license, it is to be taxed as ordinary income.

Defendant also says that even if it was a sale, the proceeds are to be taxed as ordinary income, because the decedent was in the business of buying and selling musical compositions.

The original agreement between the parties and amendments thereto are attached as exhibits to plaintiffs' petition, and, at first blush, it would seem that it could be determined therefrom whether the transaction was a sale or a license. However, after defendant had filed its motion, plaintiffs filed a motion for summary judgment. Defendant resists this motion because it says that there is a genuine issue as to material facts, and it says it cannot present its side of the issue by affidavits.

The "material facts" in dispute, as stated by defendant, are: (1) whether decedent and Ira Gershwin entered into the alleged contract; (2) whether any of the musical compositions were ever delivered; and (3) whether decedent was in the business of buying and selling music. Defendant also says that one of the affidavits attached to plaintiffs' motion undertakes to define certain expressions as understood in the art or trade, and if parol evidence is necessary to properly construe the instruments, this, of necessity, requires the taking of testimony.

■ If it is in fact necessary to take testimony, we should overrule both motions, for the simple reason that we have no disposition to decide a case piecemeal, except in unusual circumstances, such as where the decision of an issue may be determinative of the entire litigation, and thus save the parties and the court time and expense.

■ But we are not satisfied that it is necessary to take testimony in this case. Defendant can easily ascertain whether or not the alleged contract was signed and the compositions were delivered. It is under the obligation to do so and to admit these facts, if they are true. If they are not true, this can easily be shown by affidavit.

On the question of whether or not decedent was engaged in the business of buying and selling music, plaintiffs present the affidavit of Ira Gershwin, one of Rose Gershwin's executors, which, unexplained or uncontradicted, shows that she was not engaged in this business or any other. It should be easy for defendant to satisfy itself as to the true facts, and then, by affidavit, counter plaintiffs' affidavit. The court could then determine whether or not there is a genuine issue as to this fact. Defendant's bare statement that there is an issue as to this fact does not suffice.

■ Plaintiffs having supported by affidavit their allegation that she was not in business, the burden is cast on defendant to rebut this by affidavit, or, in the exceptional case where this cannot be done, to show why it cannot be done. It is the prerogative of the court to determine whether the case should be referred to a Commissioner for the taking of testimony. The court must be satisfied that defendant's case cannot be presented by affidavit.

This would seem to apply also in the case of the meaning of certain expressions as used in the art or trade, if in reality there is any dispute about this, or if, indeed, their meaning is material in the determination of the question presented.

Defendant's request for 60 days to make necessary investigations is denied. Defendant is granted 30 days within which to file counter affidavits, or to give a satisfactory explanation of why its case cannot be presented in this way. Its application to take the depositions of Irving Brown, Ira Gershwin, and others, is denied, at least for the present.

Action on defendant's and plaintiff's motions is suspended for 30 days.

It is so ordered.