**MORRISON RESTAURANTS,
INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civil Action No. 94–0786–AH–M.

United States District Court,
S.D. Alabama,
Southern Division.

Feb. 29, 1996.

Tracy J. Power, Thomas W. Power, Arlington, VA, for plaintiff.

Loretta C. Argrett, Donald J. Gavin, Washington, D.C., for defendant.

## OPINION & ORDER

HOWARD, District Judge.

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [Doc. # 12] and Defendant's Motion for Summary Judgment [Doc. # 35]. On April 18, 1995, the Court granted Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. [Doc. # 30]. The present Motions address Count I of Plaintiff's Complaint. This action involves the legality of the assessment by Defendant (hereinafter "IRS") of Federal Insurance Contribution Action (hereinafter "FICA") taxes (employer share only) on alleged unreported tips of Plaintiff's employees in the aggregate as estimated by IRS for the years 1990 and 1991 as purportedly authorized by Internal Revenue Laws of the United States, specifically 26 U.S.C. § 3121(q). Both parties agree that there are no genuine issues of material fact and that this action may be disposed of on summary judgment. On October 30, 1995, the Court held oral argument on the Motions. Based upon the evidence presented and the briefs and arguments of the parties, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendant's Motion. The Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff is a corporation duly incorporated in the state of Delaware with its principal place of business at 4721 Morrison Drive, Mobile, Alabama 36625. Affidavit of Mothershed, ¶ 2.

2. Plaintiff is primarily engaged in the business of preparing, processing and/or serving foodstuffs for immediate sale and consumption by the consumer on the premises through Plaintiff's restaurant operations. Plaintiff operates 290 full service sit-down restaurants across the nation under various trade names including Ruby Tuesday, Mozzarella's Cafes, and Snapp's. These restaurant units employ more than ten employees on a typical business day and tipping is customary in all such units. *Id.,* ¶¶ 4 and 5.

3. In Plaintiff's restaurant units it is customary for the directly tipped employees, primarily the server or waiter, to record sales, charge customer's credit cards and to collect, distribute and/or share any of his or her tips. In Plaintiff's restaurant units, it is possible for servers, bartenders, bus boys and even hostesses and cooks to receive, either directly or indirectly, a portion of tips left by patrons. *Id.,* ¶ 6.

4. Plaintiff receives and records employee tip reports and withholds and pays over employee taxes and the employer share of FICA taxes on the basis of such tips as reported by individual employees in accordance with the law (Internal Revenue Code (hereinafter IRC) §§ 3102, 3111, 3401, 6051, 6053). For the calendar years 1990 and 1991, Plaintiff timely filed Form 8027, Employer's Annual Information Return of Tip Income and Allocated Tips for Unit 2607. *Id.,* ¶¶ 7 and 11.

5. Plaintiff stresses to its tipped employees from the day that they are hired by the Company that Company policy as well as the law requires full and accurate reporting of all tips received. This education program be-

gins with a section in the Server Training Guide devoted to tip reporting, including a statement that Plaintiff cooperates with the IRS in tip income investigations. *Id.*, ¶ 8.

6. Plaintiff's policy is further inculcated in each unit by inclusion in the Management Operations Manual. *Id.*, ¶ 9.

7. On a daily basis, Plaintiff's POS (point of sale) equipment/system includes an entire section of the server's "clocking out" routine that demands entry of 100% of tips received for that day before the server is officially off-duty. This procedure is provided to each tipped employee in written form as part of their Employee Handbook. *Id.*, ¶ 10.

8. By IRS Notice dated March 9, 1993, Plaintiff was advised that Unit 2607 had been chosen to participate in a compliance check concerning tip reporting in the food service industry. As a result of the compliance check, including a review of Plaintiff's return and records, by letter dated May 24, 1993, IRS served Notice and Demand on Plaintiff for employer taxes on underreported tips of Plaintiff's employees of Unit 2607 in the aggregate as determined by IRS for the year 1990 and 1991, purportedly pursuant to IRC Section 3121(q). *Id.*, ¶¶ 12 and 13.

9. The amount of the assessment for the employer's share of unpaid FICA taxes on unreported tips was completed on the basis of information filed by Plaintiff on Form 8027 and information reviewed during the compliance check, using what is referred to by IRS as the "Restaurant McQuatters Formula Total Tip Received/FICA Computation," which accompanied the May 24, 1993, Notice and Demand letters (*McQuatters v. Commissioner*, 32 CCH Tax Ct.Mem. 1122; 42 P–H Tax Ct.Mem. 1078, 1973 WL 2419 (1973)). Mothershed Affidavit, ¶ 14.

10. The Form 8027 filed by Plaintiff for Unit 2607 for the 1990 calendar year reflects that employees of the establishment collectively reported cash tips amounting to $123,-552.88, which equaled 7.7% of gross sales of $1,590,038.00 for the Unit. In addition, charged tips (credit card sales) totaled $60,-507.00 or 16.15% of the $374,590.00 in charged receipts which included charged tips. *Id.*, ¶ 15.

11. Form 8027 filed by Plaintiff for the 1991 calendar year reflects that employees of Unit 2607 collectively reported cash tips amounting to $113,850.00 or 7.8% of gross sales of $1,454,572.00. Charged tips amounted to $57,398.00 or 16.32% of the $351,774.00 in charged receipts which included charged tips. *Id.*, ¶ 16.

12. Under the "Restaurant McQuatters Formula Total Tip Received/FICA Tax Computation," the charge tip rate is first determined on the basis of the total charged tips and charged sales reported on Form 8027. Next, the cash tip rate is determined by subtracting four percentage points from the charge tip rate, to account for the differential between cash and charge tipping. The cash tip rate is then multiplied by the total sales subject to cash tipping to determine the aggregate amount of cash tips received by all employees in the aggregate. Unreported tips are then determined by subtracting total tips reported by all employees from the total cash and charged tips received. The unreported tips are then subject to the FICA tip rate of 7.65% to determine the employer's FICA tax adjustment. *Id.*, ¶ 14.

13. The IRS Revenue Agent determined, using the above method, that Plaintiff owed an additional $5,314.00 for 1990 and $4,810.00 for 1991 in unpaid FICA taxes on unreported tips received for Unit 2607. *Id.*, ¶ 17. IRS served Notice and Demand for these amounts by letter dated May 24, 1993, with a request that the amounts be included on line 9 of the current quarter Form 941 filing due on July 31, 1993. *Id.*, ¶¶ 17 and 18.

14. No request for records of individual tipped employees was made. There was no attempt to apportion the taxes assessed among tipped employees, nor to credit the earnings of such employees with such tip income. Rather, the assessment was made on an aggregate basis against the gross earnings of Unit 2607 with instruction to employer to pay in the amount assessed as an addition to taxes computed by the employer for July 31, 1993 Form 941. *Id.*, ¶ 19.

15. Plaintiff states in its Brief that although Plaintiff does not know whether one or more of its employees may have underre-

ported his or her tip income and Plaintiff does not know the amount of such underreporting by any employee, if any, for purposes of this action, Plaintiff accepts as reasonable the IRS calculation of the amount of aggregate unreported tip income by all of Plaintiff's directly and indirectly tipped employees collectively at Unit 2607 for the years 1990 and 1991. Thus, for purposes of this action, Plaintiff does not dispute the facts, estimates and/or determinations used by IRS as a basis for its calculation for an amount of aggregate unreported tip income by all employees collectively at Unit 2607 for the years 1990 and 1991. See Complaint, ¶ 13.

16. The facts relevant to this action are:

a. IRS made an assessment for employer share only FICA taxes on the basis of estimated unreported tip income of Plaintiff's employees collectively.

b. There was no attempt to credit the FICA taxes assessed against the employer to the benefit of individual employees' wage history accounts under the Social Security Act.

c. There was no attempt to determine the amount of additional tip income, if any, that was earned by individual employees.

d. There was no attempt to determine whether the individual reports of tip income provided to Plaintiff by its employees pursuant to § 6053(a) were inaccurate or incomplete.

## CONCLUSIONS OF LAW

### I. STANDARD FOR SUMMARY JUDGMENT

 Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED.R.CIV.P. 56(c). "A factual dispute is 'genuine' if the evidence is such that a rea-

sonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies, Inc.,* 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)); *accord Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 998 (11th Cir.1992), *cert. denied* 507 U.S. 911, 113 S.Ct. 1259, 122 L.Ed.2d 657 (1993).

 The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir.1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985)).

 Once the movant satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis omitted). Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).[1] "A mere 'scintilla' of evidence sup-

---

1. The shifting burden from movant to nonmovant at summary judgment described above applies

porting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party". *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton,* 965 F.2d at 998 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). " 'The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " *Tipton,* 965 F.2d at 999 (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513) (citing *Adickes,* 398 U.S. at 158–159, 90 S.Ct. at 1608–1609)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356 (quotation marks and citation omitted).

The summary judgment procedure has been utilized extensively in the context of Federal tax litigation and more specifically in taxpayer suits for refund under 26 U.S.C. § 7422. See, eg, *United States v. Byrum,* 408 U.S. 125, 92 S.Ct. 2382, 33 L.Ed.2d 238 (1972); *Riddell v. Monolith Portland Cement Co.,* 301 F.2d 488 (9th Cir.1962); *Gershwin, et al. v. United States,* 138 Ct.Cl. 205, 150 F.Supp. 799.(1957).

## II. ASSESSMENT OF UNREPORTED TIP INCOME

Both parties agree that the issue before the Court involves the basic question of whether IRS had the authority to assess the FICA taxes against Plaintiff in the manner used by IRS. Both parties also agree that this is a case of first impression. However, the parties disagree over the question presented by the Motions for Summary Judgment. Plaintiff states two questions presented by the Motions. This Court believes that Plaintiff's first question [2] correctly states the only question presented and therefore the Court will base its ruling on the first question as phrased by Plaintiff:

Whether the IRC, in particular § 3121(q), provides IRS with the authority to assess FICA taxes against an employer for the employer share only of FICA taxes allegedly due on tips unreported by the employees of the employer in the aggregate without any determination that the individual reports of tip income by specific employees provided to the employer pursuant to IRC § 6053(a) were inaccurate or incomplete; without any determination of the amount of additional tip income, if any, underreported by any individual employee in the course of his or her employment; and, without any attempt to credit the FICA taxes assessed against the employer to the benefit of individual employees under the Social Security Act.

Plaintiff makes two general arguments in support of its argument that IRS does not have the authority to assess employer FICA taxes in the manner used in this action.[3] First, Plaintiff argues that the IRS's assessment is unconstitutional. Second, Plaintiff argues that IRS's assessment is not supported by statute. Because the Court finds that Plaintiff's second argument is a sufficient ground to grant summary judgment, the Court will not address Plaintiff's constitutional argument. The Court makes no ruling with regard to the constitutionality of IRS's method of assessment in this action. The 156 pages of briefs submitted by both parties to this action contain discussion of many

---

regardless of which party will bear the burden of proof at trial. *Id.* at 607 (citing *Adickes,* 398 U.S. at 157, 90 S.Ct. at 1608).

**2.** Plaintiff's second question presented addresses the issue of whether IRC § 446 provides IRS with authority to adjust the employer's FICA returns because individual employee tip reports may be inaccurate. The Court finds that such issue is not necessary to Plaintiff's Motion. The Court finds that Plaintiff's second question presented would only be an issue if the Court answered the first question in the affirmative.

**3.** Defendant spends an inordinate amount of time defending the reasonableness of the tax assessment. However, as Plaintiff stated in its original Brief and has continued to state, Plaintiff does not attack the reasonableness of the assessment. Plaintiff attacks the authority of IRS to make the assessment in the first place. Therefore, Defendant's arguments with regard to the reasonableness of the assessment are irrelevant to the issues before this Court.

different issues. However, the single issue which the Court finds most important, and upon which the Court makes its ruling, is the lack of statutory authority supporting the manner in which IRS assessed the employer FICA taxes against Plaintiff's Unit 2607.

### A. Statutory Framework

The provisions of the IRC addressing tip income are numerous and scattered throughout the Code, therefore, the Court will set forth a summary of the provisions that are relevant to the issues before the Court.

IRC § 3101 imposes a tax ("employee FICA") on the wages of every individual received by him with respect to employment. IRC § 3111 imposes a tax ("employer FICA") on the wages so paid the individual employee in an amount equal to that imposed on the employee under IRC § 3101.

IRC § 3121(a) defines the term "wages" for purposes of the employee and the employer FICA as "all remuneration for employment" except, *inter alia:*

(12)(B) cash tips received by an employee in any calendar month in the course of his employment by an employer unless the amount of such cash tip is $20 or more....

IRC § 3121(q) is the statutory provision which, according to Defendant, grants IRS the authority to assess FICA employer taxes in the manner done in this action. Section 3121(q) provides for employer and employee FICA on tips:

(q) TIPS INCLUDED FOR BOTH EMPLOYEE AND EMPLOYER TAXES— For purposes of this chapter, tips received by an employee in the course of his employment shall be considered remuneration for such employment (and deemed to have been paid by the employer for purposes of subsections (a) and (b) of section 3111). Such remuneration shall be deemed to be paid at the time a written statement including such tips is furnished to the employer pursuant to section 6053(a) or (if no statement including such tips is so furnished) at the time received; except that, in determining the employer's liability in connection with the taxes imposed by section 3111 with respect to such tips in any case where no statement including such tips was so furnished (or to the extent that the statement so furnished was inaccurate or incomplete), such remuneration shall be deemed for purposes of subtitle F to be paid on the date on which notice and demand for such taxes is made to the employer by the Secretary.

IRC § 3102(a) provides generally that employers are required to withhold and collect FICA tax (employee FICA) from employees' wages when and as paid. IRC § 3102(c) provides a special rule for employee FICA taxes on tips:

(c) SPECIAL RULES FOR TIPS.—

(1) In the case of tips which constitute wages, subsection (a) shall be applicable only to such tips as are included in a written statement furnished to the employer pursuant to section 6053(a), and only to the extent that collection can be made by the employer, at or after the time such statement is so furnished and before the close of the 10th day following the calendar month (or, if paragraph (3) applies, the 30th day following the year) in which the tips were deemed paid, by deducting the amount of the tax from such wages of the employee (excluding tips, but including funds turned over by the employee to the employer pursuant to paragraph (2)) as are under control of the employer.

This rule is amplified in the regulations, in Treas.Reg. § 31.3102–3(a)(2):

(2) Limitations. An employer is required to collect employee tax on tips which constitute wages only in respect of those tips which are reported ... to the employer in a written statement furnished to the employer pursuant to section 6053(a).

The reporting requirements for employees to report their tips are set forth in IRC § 6053(a) and Treas.Reg. § 31.6053–1. IRC § 6053(a) provides:

(a) REPORTS BY EMPLOYEES.—Every employee who, in the course of his employment by an employer, receives in any calendar month tips which are wages (as defined in section 3121(a) or section 3401(a)) or which are compensation (as defined in section 3231(e)) shall report all such tips in one or more written state-

ments furnished ... by the employee under such regulations, at such other times before such 10th day, and in such form and manner, as may be prescribed by the Secretary.

IRC § 3102(c)(3) provides a special rule allowing employers at their discretion to withhold employee FICA based on an estimate of the amount of employee tips:

(3) The Secretary may, under regulations prescribed by him, authorize employers—

(A) to estimate the amount of tips that will be reported by the employee pursuant to section 6053(a) in any calendar year,

(B) to determine the amount to be deducted upon each payment of wages (exclusive of tips) during each year as if the tips so estimated constituted the actual tips so reported, and

(C) to deduct upon any payment of wages (other than tips, but including funds turned over by the employee to the employer pursuant to paragraph (2)) to such employee during such year (and within 30 days thereafter) such amount as may be necessary to adjust the amount actually deducted ... in respect of tips included in written statements furnished to the employer during the year.

### B. Assessment against Morrison's Unit 2607

#### 1. History of Tip Income for Purposes of FICA taxes

Both parties have provided the Court with a detailed history of the treatment of tips as remuneration and the evolution of FICA employer tax to date. FICA employer tax is imposed "on the income of every individual" under 3101 and on the "wages paid by [the employer] with respect to ... [the] service ... performed ... by an employee ... in the course of his employment." IRC § 3111, 3121(b) and (q). The history of the IRC indicates that Congress has been troubled by "tips." Although tip income has always been subject to income taxes, initially tips were excluded from coverage under the Social Security program. In 1964, Congress changed the law in order to give tipped employees the benefit of the Social Security system for tip income. Under PL 89–97, which included tip

income under the Social Security framework for the first time commencing in 1965, tips received by an employee in the course of employment were to be considered remuneration from employment for Social Security purposes and were deemed paid to the employee at the time reported by the employee to the employer pursuant to IRC § 6053. However, tips were not considered as remuneration from employment for purposes of the **employer** share FICA tax. The effect of such limitation was to prevent the imposition of employer FICA with respect to tips received by employees, and the amounts transferred to the Federal Old Age and Survivors Trust Fund, the Federal Disability Insurance Trust Fund, and the Federal Hospital Insurance Trust Fund, in respect to the taxes imposed by IRC §§ 3101 and 3111, was determined by taking this limitation into account. Conf.Report No. 682, 89th Cong., 1st Sess. (1965), 1965–2 C.B. 771.

In 1977 Congress changed the law to require employers to pay social security taxes on reported tips up to the federal minimum wage effective for tips received after 1977. Employees were still subject to FICA taxes on all tips but the employer's exemption from FICA taxes for the amount of income in excess of the minimum wage remained in effect. However, in 1987 the Administration sought to require the employer to pay for the cost of providing benefits on a basis commensurate with the payments of tipped employees and ensuing benefits received and Congress decided that "in order to apportion the cost of social security benefits more accurately, employers should be subject to tax on all tips which are credited for benefit purposes." Senate Committee Report 100–63. Congress enacted § 3121(q) equalizing employer and employee FICA obligations with respect to tip income. Both parties agree that the purpose of the amendment was to require employers of tipped employees to pay their share of employer FICA tax. However, the parties depart on the issue of the manner in which such employer FICA tax should be assessed and collected.

#### 2. IRS's Actions against Unit 2607

In this action, IRS Agent Jimmy Lee Ellis conducted a compliance check of Unit 2607

for the proper reporting of tip income for employment tax purposes. Such check was undertaken because IRS inspected the Forms 8027 from Unit 2607 and such Forms reflected a sixteen percent charged tip rate, but only a seven percent cash tip rate. IRS believed that the low cash tip rate indicated underreporting of cash tips received. During the period March 30 through April 5, 1993, Agent Ellis inspected certain records of Unit 2607 and interviewed its manager. However, Agent Ellis did not investigate any individual employee of Unit 2607. On April 7, 1993, Agent Ellis sent the restaurant a notice dated April 7, 1993, that certain additional employer taxes were owing on unreported tips for Unit 2607, pursuant to IRC § 3121(q). After negotiations with Plaintiff's representatives, Agent Ellis adjusted the cash tip rate to twelve percent and on May 24, 1993, he issued a revised notice and demand for additional employer FICA taxes. The final notice and demand stated that Plaintiff owed an additional $5,314.00 for 1990 and $4,810.00 for 1991.

### a. McQuatters Formula

Agent Ellis arrived at the new tip rate under the "Restaurant McQuatters Formula Total Tip Received/FICA Tax Computation." Such formula is based on a United States Tax Court case from 1973, *McQuatters v. Commissioner, supra*. The *McQuatters* case dealt with an indirect method to determine the amount of tips received for the purpose of collecting income tax. The petitioners were all waitresses working in the Space Needle Restaurant in Seattle, Washington, during various times in 1967 and 1968. The petitioners all reported relatively low amounts of tip income on their tax returns for the years in issue and none of the petitioners had records that would have shown their actual tip income. The Commissioner determined an approximate tip amount by determining the amount of food and drink sold during an average working hour by the petitioners and the Commissioner determined that the petitioners earned tips equal to twelve percent of such sales. The Court held that "[i]n the absence of adequate record keeping by petitioners, respondent was justified in reconstructing their tip income by an indirect method, and the method em-

ployed was logically and factually sufficient." *Id.* However, the Court adjusted the twelve percent rate downward to ten percent on the basis that the waitresses had given two percent of their tips to the "captains."

In the action before this Court, IRS adapted the above method to calculate the employer FICA tax for estimated tip income received by Plaintiff's employees in the aggregate.

### 3. IRS's Argument

] IRS argues that the plain language of the 3121(q) authorizes the assessment of FICA employer tax without any attempt to determine that reports provided by individual employees were inaccurate or incomplete; without any attempt to determine the amount of additional tip income, if any, underreported by any individual employee; and without any attempt to credit the FICA taxes assessed against the employer to the benefit of individual employees under the Social Security Act. IRS argues that if Congress had intended to require IRS to investigate the individuals to determine inaccuracies, to determine such amount underreported, and to credit the FICA taxes to the individuals, Congress would have specifically stated such requirements. The Court disagrees. The Court holds that if Congress had intended to grant the power to IRS to assess the employer FICA tax without making such investigation into individual employees to determine whether underreporting actually occurred and without crediting such employees with the employer share tax paid, Congress would have specifically stated such. Therefore, without specific statutory language to the contrary, the Court holds that Congress did not intend to grant IRS the power to assess FICA employer taxes in the manner used in this action.

The entire statutory scheme related to tips and FICA taxes on such tips is aimed at the individual. This is because the Social Security system is directed at individuals as opposed to an aggregate group of working taxpayers. Benefits are paid to an individual taxpayer according to the amount contributed to FICA by the individual and his employer(s) over his working lifetime. Congress

has struggled for years with how tip income should participate in the FICA system. Specifically, Congressional attention to this dilemma has evolved over twenty-five years from exempting employer contribution based on tip income to raising the exemption to the level of the minimum wage to totally removing the exemption in 3121(q). The statutory history as well as the plain language of 3121(q) shows that Congress intended employers to pay their full share of employer FICA tax. With 3121(q) Congress placed employers on equal contribution footing with their employees with regard to all income including wages in the form of tips. IRS's actions in this case disturbs such "equal footing." First, IRS made its determination of underreported cash tips without attempting to determine whether any of Plaintiff's employees actually underreported or failed to report their cash tips. Second, IRS will not credit Plaintiff's employees' FICA benefits from any increased tax paid by the employer. Defendant would have the employer contribute more to FICA than its employees while Plaintiff's employees would receive no benefit from the additional contribution. Such a result flies in the face of the intent and purpose of FICA.

IRS argues that Congress's intent to allow IRS to take the actions it did is evidenced by the fact that the statute does not impose a limitation period for collecting FICA taxes from the employer, but a limitation period does exist for collections from an individual employee. Plaintiff disputes IRS's assertion that there is no limitation period for collection against an employer. The Court holds that even if there is no limitation period, such does not evidence Congressional intent to allow IRS assess employer share FICA in the manner urged by IRS. As stated above, the scheme of FICA is based on the individual and Congress did not intend that FICA taxes be assessed against an employer in excess of the amount contributed by its individual employees when same would never be credited to the individual employees.

IRS also points to several other statutes that, according to IRS, allow collection of employer FICA tax without credit to the individual employees. Again, Plaintiff dis-

putes the IRS interpretation. However, even if, other statutes exist that allow collection of employer FICA tax without credit to individual employees, such statutes are irrelevant to the plain meaning of § 3121(q). The issue before this Court is the meaning of § 3121(q) not some other statute.

Finally, IRS argues that employers whose employees receive tips are in the best position to ensure enforcement of accurate tip reporting by their employees and that the Court should allow IRS to continue to assess employer share FICA taxes in the manner used in this action. Defendant argues that employers can avoid such assessments by requiring their employees to accurately report tips. IRS complains that the general population of tipped employees is transient and difficult to track and such difficulty makes review of individual employees tip reporting extremely expensive and administratively untenable. While this may be so, such is an argument that should be made to Congress in an effort to convince Congress to pass the necessary statutory directive to take actions such as were attempted in this case. The language of 3121(q) and the legislative history cited by both parties show that Congress intended to level the contributions to FICA between tipped employees and their employers. Congress expressed its intent by making employers liable for FICA tax on the entire amount of wages received by an employee in the form of tips. Section 3121(q) does not express an intent to force employers to police the reporting of tips by their employees. An employee is legally required to report all tips received. Failure to do so may lead to a *McQuatters* formula assessment against the individual employee. Congress has given IRS the power to enforce accurate reporting of tip income by individuals. If such power is insufficient or too expensive to be practicable, IRS should take such argument to Congress.

The Court **HOLDS** that IRS's assessment of additional employer FICA taxes for the years 1990 and 1991 against Plaintiff was illegal. Plaintiff's Motion for Partial Summary Judgment with respect to Count I is **GRANTED** and Defendant's Motion for Summary Judgment with respect to Count I

is **DENIED.** Plaintiff is entitled to judgment against Defendant in the amount of $3,110.71 (such amount equals the amount included on line 9 of Plaintiff's July 31, 1993, Form 941) plus interest from July 31, 1993 to present and abatement of any and all taxes assessed pursuant to 26 U.S.C. § 6404 (1988).