United States Court of Appeals,

Eleventh Circuit.

No. 96-6415.

MORRISON RESTAURANTS, INC., Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

Aug. 12, 1997.

Appeal from the United States District Court for the Southern District of Alabama. (No. 94-0786-AH-M), Alex T. Howard, Jr., Judge.

Before BIRCH and DUBINA, Circuit Judges, and RAFEEDIE[*], Senior District Judge.

BIRCH, Circuit Judge:

This appeal presents the issue of whether the Internal Revenue Service (IRS) has authority under 26 U.S.C. § 3121(q) to assess the employer's share of Federal Insurance Contribution Action ("FICA") taxes on the unreported tips of its restaurant employees on an aggregate basis without determining the underreporting by the individual employees and crediting their wage history accounts. The district court granted summary judgment in favor of Morrison Restaurants and held that the assessment of the employer's share of FICA taxes on unreported tips in the aggregate was invalid because the taxes did not relate to individual employees. We vacate the summary judgment and remand for further proceedings.

I. BACKGROUND

Morrison Restaurants operates 290 full-service restaurants under various trade names, including Ruby Tuesday. At these restaurants, tipping is customary and the employees receive a portion of the tips either directly or indirectly through tip sharing. Morrison Restaurants routinely informs its restaurant employees that they are required to report all tips. Based on the employees' tip reports, Morrison Restaurants withholds the employees' shares of FICA taxes and then pays the employees' and employer's shares to the IRS as required by the Internal Revenue Code, 26 U.S.C.

[*]Honorable Edward Rafeedie, Senior U.S. District Judge for the Central District of California, sitting by designation.

§§ 3102, 3111, 3401, 6051, and 6053.

In 1993, the IRS notified Morrison Restaurants that one of its Ruby Tuesday restaurants, Unit 2607, would be investigated to assess compliance in tip reporting. Following a review of the records and returns of Unit 2607, the IRS assessed Morrison Restaurants an additional $10,124 in employer FICA taxes for unreported tips in 1990 and 1991.[1] The amount of the assessment was based on a modified *McQuatters* formula for estimating unreported tips.[2] *See McQuatters v. Commissioner,* 32 T.C.M. (CCH) 1122 (1973) (setting forth a method of estimating the amount of tips for the purpose of collecting individual income tax on unreported tips). The IRS neither credited the individual employees' wage history accounts nor determined the amount of unreported tip income for each employee.[3]

Morrison Restaurants paid a portion of the assessed amount and then filed suit in the district court for a refund of $3,110.71 and for abatement of the additional balance. The government filed

---

[1]Morrison Restaurants did not challenge before the district court the facts or methods of estimation used by the IRS to calculate the aggregate unreported tips. We do not address the issue here because to do so "would tend to encourage piecemeal litigation of claims of error in the appellate courts and undercut the policy of achieving prompt and final judgments." *United States v. Scallion,* 548 F.2d 1168, 1174 (5th Cir.1977).

[2]The district court described the IRS's use of the *McQuatters* formula:

> [T]he charge tip rate [wa]s first determined on the basis of the total charged tips and charged sales reported on Form 8027. Next, the cash tip rate [wa]s determined by subtracting four percentage points from the charge tip rate, to account for the differential between cash and charge tipping. The cash tip rate [wa]s then multiplied by the total sales subject to cash tipping to determine the aggregate amount of cash tips received by all employees in the aggregate. Unreported tips [we]re then determined by subtracting total tips reported by all employees from the total cash and charged tips received. The unreported tips [we]re then subject[ed] to the FICA tip rate of 7.65% to determine the employer's FICA tax adjustment.

*Morrison Restaurants, Inc. v. United States,* 918 F.Supp. 1506, 1508 (1996).

[3]The government contends that the IRS agent, using records from Unit 2067, attempted to determine the tax liability of the individual employees but found the records insufficient for that purpose. For example, the hours worked by the tipped employees were available only for those employed on the last day of each year and not for those employed at other times during the year. In view of the agent's inability to determine individual employee's unreported tips based on the employer's records, the IRS decided that it was not cost effective to audit each individual employee.

a counterclaim for the unpaid balance of FICA taxes in the amount of $7,013.29. Each party moved for summary judgment. The district court granted the motion of Morrison Restaurants.[4] The court held that the IRS lacked the authority to assess employer FICA taxes on unreported tips in the aggregate without determining the individual employees' underreporting and without crediting the employees for the employer's share of the assessed FICA taxes.[5] The government appeals the summary judgment.

## II. DISCUSSION

We review *de novo* a district court's grant of summary judgment and affirm the judgment if " "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1495-96 (11th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). The material facts in this case are undisputed. The sole issue is one of statutory interpretation. "We ... review an administrative agency's statutory interpretation *de novo,* but defer to an agency's interpretation if it is reasonable." *Alabama v. United States Dep't of Interior,* 84 F.3d 410, 412 n. 2 (11th Cir.1996).

The government argues that the IRS has statutory authority to assess Morrison Restaurants for the employer's share of unreported tips for Unit 2067 employees. The IRS "is authorized and required to make the inquiries, determinations, and assessments of all taxes ... imposed by [Title 26]." 26 U.S.C. § 6201(a). Section 3111 "impose[s] on every employer as excise tax, with respect

---

[4]The complaint filed by Morrison Restaurants named as defendants several government officials and included a second claim for declaratory judgment. Upon a motion by the government, the district court ruled that the named officials were improper parties and dismissed the second claim for lack of subject matter jurisdiction. Morrison Restaurants does not appeal this ruling.

[5]The parties characterize differently the holding of the district court. Morrison Restaurants suggests that the holding is limited. Specifically, it suggests that the district court held that the IRS should have made reasonable attempts to determine the employees' individual unreported tips and to credit the employees with the employer's shares of the FICA taxes. The government, on the other hand, reads the district court's opinion to preclude the IRS from collecting the employer's share on unreported tips in the aggregate without first assessing and crediting the individual employees for their shares of the FICA taxes. We agree with the government. Both Morrison Restaurants's brief and the district court's opinion stand for the proposition that the IRS is barred from imposing employer FICA taxes in the absence of individual tip determinations and Social Security accounting adjustments.

to having individuals in his employ, equal to [specified] percentages of the wages ... paid by him with respect to employment." 26 U.S.C. §§ 3111(a) (imposing FICA taxes for Social Security) and 3111(b) (imposing FICA taxes for Medicare). Tips, by statutory definition, are included as "wages" for purposes of both the employees' and employers' shares of FICA taxes. 26 U.S.C. § 3121(q). According to the government, these statutory provisions give the IRS the authority to assess Morrison Restaurants for the employer's share of the unreported tips in the aggregate, and nothing in either the Internal Revenue Code, 26 U.S.C. §§ 1-9806, or the Social Security Act, 42 U.S.C. § 301-1397e, prohibits such an assessment in the absence of a determination of the employees' individual shares.

Morrison Restaurants contends that, in view of Congress's silence, the IRS lacks statutory authority to assess the employer's share of FICA taxes without determining the individual employees' unreported tips and crediting the employees with the employer's share of the tax. According to Morrison Restaurants, an assessment of the employer's share of FICA taxes on unreported tips in the aggregate without Social Security benefits to the tipped employees is contrary to the legislative purpose of the Social Security Act, which is to provide benefits correlating with the amount of FICA taxes[6] credited to the individual employee.[7] The district court agreed and reasoned that "[t]he entire statutory scheme related to tips and FICA taxes on such tips is aimed at the individual .... because .... [b]enefits are paid to an individual taxpayer according to the amount contributed to FICA by the individual and his employer(s) over his working lifetime." *Morrison Restaurants,* 918 F.Supp. at 1513.

"The statutory language is the starting point for interpreting the meaning of a statute. In interpreting the language of a statute, however, we do not look at one word or one provision in isolation, but rather look to the statutory scheme for clarification and contextual reference." *United*

---

[6]The government notes that an employee's future Social Security benefits are not based on the FICA taxes paid by the employee and employer but, rather, on the employee's Social Security earnings record. *See Flemming v. Nestor,* 363 U.S. 603, 609, 80 S.Ct. 1367, 1371-72, 4 L.Ed.2d 1435 (1960).

[7]Morrison Restaurants raises additional arguments on appeal. We determine these arguments to be meritless.

*States v. McLemore,* 28 F.3d 1160, 1162 (11th Cir.1994) (citations omitted). We, thus, begin our analysis with the language and structure of the Internal Revenue Code and the Social Security Act. Section 3121(q) provides that tips are "deemed to have been paid by the employer" and that the IRS can issue a notice and demand for the employer's share of FICA taxes when an employee fails to accurately and completely report all tips. 26 U.S.C. § 3121(q). This provision clearly states that an employer can be assessed for its share of FICA taxes on employee tips even if the employee fails to report all tips. It also suggests that the employer can be assessed its share of FICA taxes even when the individual employee's share is not determined.

In the Internal Revenue Code, Congress imposed the employee's share of FICA taxes in a provision separate from the provision imposing the employer's share. Specifically, § 3101 imposes the employee's share and § 3111 imposes the employer's share. These provisions are located, respectively, in Subchapter A, entitled Tax on Employees, and Subchapter B, entitled Tax on Employers. The separation of the provisions into different, parallel subchapters suggests that Congress contemplated that employees' and employer's shares could be imposed separately. Given the structure of the Internal Revenue Code, we are unconvinced that Congress's silence can be construed to mean that an employer cannot be assessed its share of FICA taxes based on employees' unreported tips in the aggregate without determining the underreporting by the individual employees and crediting the individual employees' wage history accounts.

Under the Internal Revenue Code, an employee is responsible for reporting tips either to his employer for withholding of the employee's share of FICA taxes or directly to the IRS. 26 U.S.C. § 6053. Appropriate reporting and payment of the employee's share means that the employee's wage history account will be properly credited. When the employee fails to report tips, neither the employee nor the employer can then complain that the employer's share of FICA taxes is not similarly credited. The employee, by failing to report the tips as wages, waives his right to be credited for the employer's share on the unreported tips in the aggregate. The employer is not injured by the employee's failure to report properly all tips. Thus, Morrison Restaurants's argument that payment of the employer's share on tips in the aggregate unfairly results in a failure to credit the

individual employees is without merit.

Furthermore, the Social Security Act explicitly states that the purpose of the Act is to encourage the states "to furnish financial assistance to aged needy individuals." 42 U.S.C. § 301. The assistance is not for the limited purpose of providing benefits equivalent to FICA taxes paid by the individual and his employer, and FICA taxes are not held in trust for that same individual. *See Flemming,* 363 U.S. at 609, 80 S.Ct. at 1372 ("The Social Security system may be accurately described as a form of social insurance ... whereby persons gainfully employed, and those who employ them, are taxed to permit the payments of benefits to the retired and disabled, and their dependants.") Thus, we decide that the structure and purpose of the Social Security Act is not inconsistent with a payment of an employer's share of FICA taxes on unreported tips in the aggregate.

We also reject Morrison Restaurants's policy arguments. Morrison Restaurants contends that employers should not be required to police the tips reported by its employees and, therefore, the employer's FICA tax obligation should be based exclusively on the employees' reports. We agree that it is the employee's responsibility to insure that he is properly credited for all his wages by accurately and completely reporting tips. We are concerned, however, that basing the employer's share of FICA taxes exclusively on employees' reported tips would provide incentive to the employer to discourage accurate reporting or ignore blatantly inaccurate reporting by the employees so that the employer could pay less FICA tax. Moreover, the statute itself envisions that employees may not report their tips and provides that employers are "deemed to have been paid by the employer," nonetheless. 26 U.S.C. § 3121(q).

In view of the statutory and policy arguments in favor of the government's position, we conclude the statutory interpretation of the IRS is reasonable. We defer to an agency's reasonable statutory interpretation. *Alabama,* 84 F.3d at 412 n. 2. Thus, we determine that the district court erred in granting summary judgment in favor of Morrison Restaurants.

### III. CONCLUSION

In this appeal of the summary judgment granted in favor of Morrison Restaurants, the

government argues that the IRS has statutory authority to assess Morrison Restaurants for the employer's share of FICA taxes on unreported tips in the aggregate even if the individual employee shares are not determined and credited to the employees' wage history accounts. We conclude that this IRS's statutory interpretation is consistent with the structure and language of the Internal Revenue Code, the explicit purpose of the Social Security Act, and the policy of promoting accurate tip reporting. Because the interpretation of the IRS is reasonable, we defer to the agency's statutory interpretation. Accordingly, we VACATE and REMAND for proceedings consistent with this opinion.