**330 WEST HUBBARD RESTAURANT CORPORATION, doing business as Coco Pazzo, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 99–1137.**

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1999

Decided Feb. 15, 2000

As Amended Feb. 22, 2000.

---

Tracy J. Power, Thomas W. Power (argued), Power & Power, Arlington, VA, for Plaintiff–Appellant.

Bruce R. Ellisen (argued), Jeffrey Meyer, Department of Justice, Tax Division, Appellate Section, Washington, DC, for Defendant–Appelleee.

Before COFFEY, EASTERBROOK and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

Plaintiff 330 West Hubbard Restaurant Corporation operates a restaurant named "Coco Pazzo" in Chicago, Illinois.[1] Coco Pazzo filed this action in the Northern District of Illinois challenging the Internal Revenue Service's (IRS's) aggregate method of assessing and collecting the employer's share of Federal Insurance Contribution Act (FICA) taxes on tips received by its restaurant employees as well as seeking a refund of a partial payment of employment FICA taxes and an abatement of the balance of the taxes assessed. The IRS filed a counterclaim for unpaid FICA taxes in the amount of $85,104.

On November 23, 1998, the district court granted the government's motion for summary judgment; thereby upholding the IRS's authority to collect employer FICA taxes through an aggregate method and confirming the taxpayer's obligation to pay the balance of the FICA taxes assessed against it. We affirm.

## I. BACKGROUND

### A. Employer and Employee FICA Taxes

FICA imposes a 7.65% tax on the income of individual employees. *See* 26 U.S.C. § 3101. FICA also imposes an excise tax of 7.65% on employers "with respect to having individuals in [their] employ." *See* 26 U.S.C. § 3111; 26 C.F.R. § 31.3111–4. Employers collect the employee's share of FICA taxes (hereinafter employee share) by deducting the appro-

---

1. Throughout the opinion, the plaintiff-appellant is referred to as Coco Pazzo.

priate amount from their employees' wages "as and when paid." *See* 26 U.S.C. § 3102(a). Employers pay the employer's share of FICA taxes (hereinafter employer share) based on the wages paid to their employees. *See* 26 C.F.R. §§ 31.3111–1, 31.3111–4.

Paying both the employee and employer FICA taxes[2] is a difficult task for employers in the restaurant industry where employees earn much of their income from tips rather than from a salary paid by the restaurant. Only in rare instances do restaurant employers have first-hand knowledge of how much actual tip income their employees earn. Thus, the usual practice in the restaurant industry is for the employers to rely on their employees to furnish an accurate statement of the amount of tips they collect. *See* 26 U.S.C. § 3102(c)(1).

Towards that end, employees are required to report all their tips to their employers, using IRS Form 4070 (Employee's Report of Tips to Employer) or a similar written form. *See* 26 U.S.C. § 6053(a); 26 C.F.R. § 31.6053–3(a). Employers then use these reports to determine the amount of money to withhold from their employees' paychecks to cover the employee share. *See* 26 U.S.C. § 3102(a) & (c)(1); 26 C.F.R. §§ 31–3102–1(a), 31–3102–3(a)(1). Employers also use the tip reports to determine how much FICA taxes they are obligated to pay.[3] *See* 26 U.S.C. § 3111.

When employees under report their tips, restaurants under-withhold the employee share due under section 3101, and thus also under pay the employer share due under section 3111. Under these circumstances, restaurants are not culpable for underpayment because they have no choice but to rely on their employees' reports.

Thus, the FICA statute provides that when employees fail to furnish tip reports or their reports are incomplete or inaccurate, their employers are obligated to pay employer FICA taxes based only on the amount of income their employees actually report. *See* 26 C.F.R. § 31.3111–3.

This principle—that employers are only liable for FICA taxes on the tip income actually reported by their employees—is circumscribed in that once the IRS determines that the employee's tip income is greater than that reported by the employee and then sends the employer a notice and demand letter, FICA taxes on those wages are due. *See* 26 U.S.C. § 3121(q).

In assessing unreported tip income, the IRS has decided that it is too burdensome to determine the amount of under reporting by each employee. Instead, the IRS audits the restaurant itself and assesses the employer share based on the aggregate amount of unreported tips from all the restaurant's tipped employees. This has proven to be a controversial practice. *Compare Bubble Room Inc. v. United States*, 159 F.3d 553 (Fed. Cir.1998) (approving the practice); *Morrison Restaurants, Inc. v. United States*, 118 F.3d 1526 (11th Cir.1997) (same), *with Fior D'Italia, Inc. v. United States*, 21 F.Supp.2d 1097 (N.D. Cal.1998) (disapproving the practice); *Quietwater Entertainment v. United States*, 80 F.Supp.2d 1323 (N.D.Fla.1999) (same).

## B. Coco Pazzo's Employer FICA Taxes

On its 1993, 1994, and 1995 Form 8027 (Employer's Annual Information Return of Tip Income and Allocated Tips) Coco Pazzo declared both its total charge tips and its total tips reported by employees. Coco Pazzo reported charge tips of $392,725.17

---

**2.** "Employee tax" means the tax imposed by 26 U.S.C. § 3101. *See* 26 C.F.R. § 31.0–2(b)(3). "Employer tax" means the tax imposed by 26 U.S.C. § 3111. *See* 26 C.F.R. § 31.0–2(b)(4).

**3.** "The employer tax attaches at the time that wages are paid by the employer." 26 C.F.R.

§ 31.3111–3. Although employers do not literally "pay" the tips their employees receive, they are still obligated for employer FICA taxes on this employee income because when employees report their tips pursuant to 26 U.S.C. § 6053, their tips are then "deemed to have been paid by the employer." *See* 26 U.S.C. § 3121(q).

for 1993, $471,600.48 for 1994, and $548,-460.64 for 1995—$1,412,786.29 altogether. For these same years, according to Coco Pazzo's Form 8027 filings, Coco Pazzo employees reported total tips of $96,228 for 1993, $155,719.20 for 1994, and $198,885.50 for 1995—$450,837.70 altogether. By simply comparing these numbers it was obvious to the IRS that Coco Pazzo employees had under reported their tips by at least $961,948.59.

In the present case, Coco Pazzo collected all of its employees' tips (both cash tips and tips charged to credit cards) each day and redistributed them at the end of the week. Each employee received a percentage of the tip pool based on his or her position (waiter, bartender, etc.). Coco Pazzo's records of its tip pooling indicate that it collected and redistributed $434,-876.48 in 1993, $520,424.35 in 1994, and $601,000.32 in 1995—$1,556,301.15 altogether.

By simply subtracting the amount of tips Coco Pazzo reported[4] from the actual amount it collected, the IRS was able to precisely determine the amount of tips Coco Pazzo employees had underreported, $1,112,453.92. The IRS determined that based on the unreported $1,112,453.92, Coco Pazzo owed additional employer FICA taxes in the amount of $85,104.

On June 12, 1996, pursuant to 26 U.S.C. § 3121(q), the IRS sent Coco Pazzo a notice and demand letter for this amount. In response, on August 5, 1996, Coco Pazzo paid $1.53, which was the employer FICA tax for one employee for one quarter. This $1.53 represented a partial payment under protest of the entire amount assessed. *See Flora v. United States*, 362 U.S. 145, 162, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). On October 1, 1996, Coco Pazzo filed IRS Form 843 (Claim for Refund and Request for Abatement), requesting a refund of the $1.53 and an abatement of the remainder of the assessment. *See* 26

C.F.R. § 31.6402–2(a). Coco Pazzo then waited the requisite six months before bringing suit. *See* 26 U.S.C. § 6532(a)(1); 26 C.F.R. §§ 301.6532–1(a)(1); 301.6402–2(a)(1). On January 13, 1998, Coco Pazzo filed this action for refund under 26 U.S.C. § 7422 in the Northern District of Illinois. The IRS filed a counterclaim for the balance of the unpaid FICA taxes.

Both parties agreed that the failure of Coco Pazzo's employees to file accurate reports of their tip income as required by 26 U.S.C. § 6053 did not insulate Coco Pazzo from its obligation to pay employer FICA taxes on the unreported tip income. Both parties recognized that 26 U.S.C. § 3121(q) clearly gives the IRS the authority to collect employer FICA taxes on unreported employee tip income. *See Morrison*, 118 F.3d at 1529. The question before us concerns only the ability of the IRS to use the aggregate method to assess Coco Pazzo's employer share FICA taxes.

In deciding whether the IRS could collect employer FICA taxes based on aggregate unreported employee tip income, the district court examined 26 U.S.C. § 6205. The trial judge determined that this section delegates to the Secretary of the Treasury the power to prescribe regulations when dealing with an employer suspected of underpayment of FICA taxes. Consistent with section 6205, the judge concluded that the IRS implemented its authority to prescribe regulations for adjustments without mentioning the need for assessing individual employee liability. *See* 26 C.F.R. § 31.6205–1(a)(1). The district court, thereafter, determined that the IRS was authorized to make an aggregate assessment concerning the amount of employer FICA taxes due. On November 23, 1998, the district court granted the IRS's motion for summary judgment. Coco Pazzo appeals.

---

4. In determining the amount of unreported tips, the IRS did not use the amounts Coco Pazzo declared on IRS Form 8027. Instead, the IRS used the amounts that Coco Pazzo declared on IRS Form 941 (Employer's Quarterly Federal Tax Return). *See* 26 U.S.C. § 6011(a); 26 C.F.R. § 31.6011(a)–1.

## II.  ISSUE

On appeal, Coco Pazzo argues that the district court erred in holding that the IRS was authorized under 26 U.S.C. §§ 3121(q) and 6205 to assess employer FICA taxes based on an aggregate estimate of the tip income received by its employees without first determining the amount of under reporting by individual employees.

## III.  ANALYSIS

### A.  Standard of Review

We review a district court's decision to grant summary judgment, as well as its interpretation of the tax code, de novo. *See Tesch v. County of Green Lake,* 157 F.3d 465, 471 (7th Cir.1998)(summary judgment); *Akrabawi v. Carnes Co.,* 152 F.3d 688, 695 (7th Cir.1998) (tax code).  In general, summary judgment is appropriate when the pleadings, answers, interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact" and that the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c). In determining whether a genuine issue of material fact exists, we consider the evidence in the light most favorable to the nonmovant.  *See Wollin v. Gondert,* 192 F.3d 616, 621 (7th Cir.1999).

### B.  Deference to Other Circuits

The question of whether the IRS is authorized to collect employer FICA taxes in the aggregate is a matter of first impression in this court.  Fortunately, we have the benefit of well reasoned opinions on this issue from two other circuits.  Although we are not bound by them, we "carefully and respectfully consider" the opinions of our sister circuits.  *See United States v. Williams,* 184 F.3d 666, 671 (7th Cir.1999); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Pena,* 44 F.3d 437, 443 (7th Cir.1994) (en banc) ("[W]hile we carefully consider the opinions of our sister

circuits, we certainly do not defer to them."), *aff'd on other grounds,* 516 U.S. 152, 116 S.Ct. 595, 133 L.Ed.2d 535 (1996); *Colby v. J.C. Penney Co.,* 811 F.2d 1119, 1123(7th Cir.1987) ("[W]e give most respectful consideration to the decisions of the other courts of appeal and follow them whenever we can.").

"Respect for the decisions of other circuits is especially important in tax cases because of the importance of uniformity, and the decision of the Court of Appeals of another circuit should be followed unless it is shown to be incorrect." *Bell Federal Sav. & Loan Ass'n v. Commissioner of Internal Revenue,* 40 F.3d 224, 226–27 (7th Cir.1994)  (internal quotations and citations omitted); *see also Security Bank S.S.B. & Subsidiaries v. Commissioner of Internal Revenue,* 116 F.3d 302, 303 (7th Cir.1997) ("[I]t is 'particularly desirable in tax cases to ensure equal application of the tax system....'") (quoting *Gibraltar Fin. Corp. of Cal. v. United States,* 825 F.2d 1568, 1572 (Fed.Cir.1987)).

Both the Federal and Eleventh Circuits have held, as did the district court in this case, that the IRS is authorized to collect an employer's FICA taxes without first assessing individual employees and crediting their Social Security earnings records.  *See Bubble Room, Inc. v. United States,* 159 F.3d 553 (Fed.Cir.1998); *Morrison Restaurants v. United States,* 118 F.3d 1526 (11th Cir.1997).[5]

### C.  Aggregate Assessment of FICA Taxes

As the Supreme Court has stated, "[w]e first ask 'whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *Sullivan v. Everhart,* 494 U.S. 83, 110

---

5.  More recently, two district courts ruled against the IRS on this issue. *See Fior D'Italia Inc. v. United States,* 21 F.Supp.2d 1097 (N.D.Cal. 1998); *Quietwater Entertainment v.* *United States,* 80 F.Supp.2d 1323 (N.D.Fla. 1999).  Similar cases are pending in federal district courts in Boston and New York.

S.Ct. 960, 108 L.Ed.2d 72,88–89 (1990) (quoting *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). "But if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute, that is, whether the agency's construction is rational and consistent with the statute." *Id.* at 89, 110 S.Ct. 960 (internal quotations and citations omitted); *see also Chevron,* 467 U.S. at 843, 104 S.Ct. 2778; *NLRB v. Food and Commercial Workers,* 484 U.S. 112, 123, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987). In this case, no statute specifically authorizes or prohibits the IRS from using the "aggregate method,"[6] and we therefore address the rationality of the IRS's interpretation of its authority to use the aggregate method.

### 1. Deference to the IRS's Interpretation

■ The sole issue in this case involves the interpretation of the tax code and its accompanying regulations. Although the IRS has not issued a formal regulation specifically addressing the aggregation issue, we still give the IRS's construction of the relevant tax statutes "respectful consideration." *See First Chicago NBD Corp. v. Commissioner of Internal Revenue,* 135 F.3d 457, 458–59 (7th Cir.1998). Moreover, in a tax refund case, the IRS's tax assessment is presumed correct. *See Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Avco Delta Corp. v. United States,* 540 F.2d 258, 261 (7th Cir.1976). Thus, Coco Pazzo has the burden of establishing that the IRS's assessment was unlawful. *See United States v. Janis,* 428 U.S. 433, 456, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976);

*Ruth v. United States,* 823 F.2d 1091, 1094 (7th Cir.1987).

### 2. 21 U.S.C. § 3121(q)

■ Coco Pazzo argues that despite the fact that Congress did not specify the aggregate method in section 3121(q), Congress nevertheless did limit the authority of the IRS to use the aggregate method. Coco Pazzo contends that before the IRS can assess it for employer FICA tax on unreported tip income, it must first assess the unreported tip income of individual employees because 26 U.S.C. § 3121(q) uses the singular "tips received by *an employee*" (emphasis added). Coco Pazzo also points to 26 U.S.C. § 3111 which imposes the employer FICA tax on an employer "with respect to having individuals in his employ."

Coco Pazzo's argument is misplaced. Use of the singular is not meaningful in federal statutes. *See* 1 U.S.C. § 1 (explaining that "words importing the singular include and apply to several persons, parties, or things"); *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 756 F.2d 508, 515 (7th Cir.1985). Thus, the fact that the statutes regarding assessment of employer FICA taxes make reference to "individuals" or to "an employee" is not an indication of the manner in which Congress intended the IRS to collect employer FICA taxes. *See Bubble Room,* 159 F.3d at 563–64; *Morrison,* 118 F.3d at 1529. This language makes clear that an employer's FICA tax liability is not necessarily limited to tax on the income reported by its employees.[7] *See Bubble Room,* 159 F.3d at 565; *Morrison,* 118 F.3d at 1529; *see also* 26 U.S.C. § 45(b)(1)(A) (giving employers a tax credit with respect to tips that "are deemed to have been paid by the employer to the employee pursuant to section 3121(q) (without regard to whether such

---

**6.** Coco Pazzo does argue that 26 U.S.C. § 3121(q) unambiguously answers the question of whether the IRS may use the aggregate method to collect FICA taxes. We shall address this specific argument later in the opinion.

**7.** The employer's liability for the employee's shares, on the other hand, is typically limited to tax on the amount reported. *See* 26 U.S.C. § 3102(c); 26 C.F.R. § 31.3102–3(a)(2); *see also Bubble Room,* 159 F.3d at 556.

tips are reported under section 6053)"). Accordingly, nothing can be inferred from the statute's use of the singular "employee" and we must address Coco Pazzo's other arguments.

### 3. Social Security Earnings Records

Coco Pazzo also argues that the employer tax cannot be assessed without the IRS first determining each individual employee's underreporting because only in that way can the individual employee's wage earning records be properly credited to Social Security. Otherwise, argues Coco Pazzo, it would be paying employer FICA taxes for "non-existent benefits."

Coco Pazzo is correct that Social Security wage records are based on wages earned and reported, and that the IRS's aggregate assessment forces Coco Pazzo to pay FICA taxes on tip income that is not credited to the Coco Pazzo employees who earned it. *See* 42 U.S.C. § 405(c)(2)(A); *see also Morrison*, 118 F.3d at 1529 n. 6.

While, at initial glance, this scenario seems to run counter to the objective of the FICA statute, *see United States v. Two Plastic Drums*, 984 F.2d 814, 818 (7th Cir.1993), we, nevertheless, hold that the statute does not bar aggregate assessments. If Coco Pazzo's employees do not receive credit, it is their own fault. *See Bubble Room*, 159 F.3d at 565; *Morrison*, 118 F.3d at 1530. The fifty employees whose Social Security earnings records will not be credited should have reported *all* their tips on IRS Form 4070 in the first place. Moreover, having failed to do what was required under 26 U.S.C. § 6053, these employees could have, as an alternative, filed IRS Form 4137 (Social Security and Medicare Tax on Unreported Tips) with their tax returns. *See* Rev. Ruling 95–7, 1995–4 I.R.B.44; 26 C.F.R. § 31.6051–2(b); *Morrison*, 118 F.3d at 1530. The employees' failure to use either section 6053 or IRS Form 4137 to report their correct tip income and thus effect a credit to their Social Security earnings records, constitutes a waiver of their right to the credit. The fact that these employees do not receive earnings credit for all their income is not due to the IRS's aggregate method of assessing employer FICA taxes; rather, it is due to their own under reporting. Accordingly, we refuse to hold that this is a bar to the IRS's use of the aggregate method.

### 4. The Wages Band Exceptions

Next, Coco Pazzo argues that by using an aggregate assessment, the IRS cannot determine whether the "wages band" applies. The wages band refers to an upper and lower limit on individual employee income for which employers must pay FICA taxes. First, employers are not required to pay FICA taxes on any employee income that is above the Social Security wage base. *See* 26 U.S.C. § 3121(a)(1). This wage base was $57,600 in 1993, $60,600 in 1994, and $61,200 in 1995. Second, employers are not required to pay FICA taxes on employee tips of less than $20 per month. Because the IRS did not determine the amount of individual employee under reporting, it did not and could not determine the applicability of these exceptions. Thus, Coco Pazzo argues that the tax code cannot be read to permit aggregation because that would render the wages band exceptions a nullity. *See Liteky v. United States*, 510 U.S. 540, 552–53, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

Coco Pazzo's argument is misplaced because it fails to distinguish between the IRS's authority to collect taxes and the correctness of the IRS's calculation of the amount of those taxes. That the IRS may not have applied the wage band exceptions "does not demonstrate that the IRS lacked the authority to assess an employer-only FICA tax based on an aggregate estimate of tip income." *Bubble Room*, 159 F.3d at 567. The calculation of the amount of taxes is a "separate matter from whether the IRS has the authority to assess an employer-only FICA tax on an

aggregate assessment of unreported tip income." *Id.* at 568; *United States v. Schroeder*, 900 F.2d 1144, 1148 (7th Cir. 1990) ("When a court is faced with an incorrect but otherwise valid assessment, the proper course is not to void the assessment ... but to determine what, if anything, the taxpayer owes the government.").

A party's failure to address or develop a claim in its opening brief constitutes a waiver of that claim, for "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel ..." *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir.1998), (citing *Sere v. Bd. of Trustees of the Univ. of Ill.*, 852 F.2d 285, 287 (7th Cir.1988)). In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate to raise a separate basis for appeal. *See Indurante v. Local 705, Int'l Bhd. of Teamsters*, 160 F.3d 364, 366 (7th Cir. 1998).

*United States v. Hook*, 195 F.3d 299, 310 (7th Cir.1999). Because Coco Pazzo has not raised the possibly incorrect calculation of the amount as an alternative argument against summary judgment, we refuse to remand the case on these grounds.

### 5. *The 26 U.S.C. § 45B Tax Credit*

Coco Pazzo next claims that without individual assessments, the IRS cannot determine the amount of the tax credit to which it is entitled under 26 U.S.C. § 45B. Section 45B provides an income tax credit to employers equal to the amount of employer FICA taxes paid on each employee's tips to the extent that amount exceeds the tax due on the federal minimum wage for each employee. *See* 26 U.S.C. § 38(b)(11); 26 U.S.C. § 45B(b)(1)(B). Like the wage band exceptions, Coco Pazzo argues that the IRS's method of aggregate assessment renders this statute a nullity.

Coco Pazzo's argument is once again misplaced. The taxpayer bears the burden of showing its entitlement to a tax credit. *See United Stationers, Inc. v. United States*, 163 F.3d 440, 443 (7th Cir. 1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 2369, 144 L.Ed.2d 773 (1999). The taxpayer's burden is one of proof; if Coco Pazzo is interested in receiving a section 45B tax credit, it must establish its entitlement to the credit. Because Coco Pazzo fails to address its entitlement to a tax credit, we refuse to hold that it is entitled to one. *See Hook*, 195 F.3d at 310 (arguments not develope dare waived).

### IV. CONCLUSION

We conclude that Coco Pazzo has failed to demonstrate that the IRS's aggregate method of collecting employer FICA taxes is an impermissible reading of the tax code. Accordingly, we uphold the IRS's interpretation of its authority to use the aggregate method of collecting FICA taxes.

The decision of the district court is

AFFIRMED.