In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1117

United States of America,

Plaintiff-Appellee,

v.

Shawn W. Jones,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 00-CR-30016--Richard Mills, Judge.

Argued May 17, 2001--Decided January 28, 2002

   Before Harlington Wood, Jr., Kanne, and
Rovner, Circuit Judges.

   Kanne, Circuit Judge.  Defendant Shawn W.
Jones pleaded guilty to three counts of
criminal contempt in violation of 18
U.S.C. sec. 401 on August 29, 2000. On
January 4, 2001, the district court
entered an order sentencing Jones to 76
months imprisonment, three years of
supervised release, and a $300 special
assessment. In imposing the imprisonment
term, the district court applied an
upward departure from the Sentencing
Guidelines because of Jones' failure to
comply with a cooperation agreement that
he entered into with the government on
June 8, 1995. On appeal, Jones argues
that: 1) the district court's grounds for
applying the upward departure were
improper and 2) the extent of the upward
departure in this case was unreasonable.
We affirm.

I.  History

   On March 3, 1995, Jones was convicted of
conspiracy to distribute cocaine and
marijuana in violation of 21 U.S.C. sec.
846 and of possession of cocaine and
marijuana with the intent to distribute
in violation of 21 U.S.C. sec. 841(a)(1)
("drug convictions"). Prior to sentencing
for the drug convictions, Jones entered
into a cooperation agreement

("Agreement") with the government on June 8, 1995. The Agreement stated, in relevant part, that Jones would "provide complete and truthful testimony to any grand jury, trial jury, judge, or magistrate in any proceeding in which he may be called to testify by the government." In exchange, the Agreement provided, among other things, that the government would recommend that the district court apply a downward departure to Jones' sentence for the drug convictions based on the "government's evaluation of the nature, extent, value and timeliness of [Jones'] assistance." Further, it provided that "[a]ny material breach of any provision" of the Agreement by Jones "would void [the Agreement] in its entirety."

Pursuant to the Agreement, on December 27, 1995, Jones testified in front of a grand jury investigating Robert Scott about his and Scott's involvement in the activities that gave rise to the drug convictions. As a result, on April 1, 1996, the government moved for a downward departure to Jones' drug sentence pursuant to United States Sentencing Guideline sec. 5K1.1./1 In that motion, the government noted that the sentencing range applicable to Jones' drug convictions was 188 to 235 months imprisonment and asked the district court to reduce Jones' sentence to 162 months imprisonment. The district court entered an order granting the government's downward departure motion, stating that "it accepted the Government's sec. 5K1.1 motion proposing a downward departure to 162 months," but that it "concluded that a sentence of 144 months was appropriate."

In late 1998, the government requested that Jones provide further grand jury testimony about the activities underlying the drug convictions. To that end, on January 7, 1999, the government filed a motion to obtain a grant of immunity for Jones pursuant to 18 U.S.C. sec.sec. 6002-6003 and for an order compelling Jones to testify before the grand jury. The district court granted the government's motion in full and ordered Jones to testify before the grand jury. However, on January 7, 1999, when brought before the grand jury, Jones refused to take oath or to provide testimony. Thereafter, Jones again refused to

testify before the grand jury, despite being ordered by the district court to do so. The government then filed a motion to hold Jones in civil contempt, but the district court deferred ruling on the motion in order to provide Jones with another opportunity to testify before the grand jury. On February 3, 1999, Jones appeared before the grand jury and for a third time, refused to take oath or testify. That same day, the district court held Jones in civil contempt. In June, 1999, thegovernment obtained an indictment against Scott.

On December 1, 1999, the government filed a motion to request a grant of immunity for Jones and for an order compelling him to testify at Scott's trial. After the district court granted this motion, Jones refused to testify at Scott's trial and was held in civil contempt for a second time. Scott's trial ended in a mistrial after the jury was unable to reach a verdict. On April 3, 2000, the government filed a motion to obtain a grant of immunity for Jones and for an order compelling him to testify at Scott's second trial. After the district court granted this motion, Jones refused to testify at Scott's second trial and was held in civil contempt for a third time. Eventually, Jones' 1995 grand jury testimony was read into the record at Scott's second trial, and Scott was convicted.

On May 5, 2000, Jones was charged in a superseding indictment with three counts of criminal contempt pursuant to 18 U.S.C. sec. 401. Count 1 of the indictment charged Jones with criminal contempt due to his three refusals to provide grand jury testimony. Count 2 charged Jones with criminal contempt due to his refusal to testify at Scott's first trial, and Count 3 for his refusal to testify at Scott's second trial. On August 29, 2000, Jones pleaded guilty to all three counts of criminal contempt. Thereafter, the probation office determined that Jones should be sentenced under Guideline sec. 2X3.1 (Accessory After the Fact) rather than under the more lenient Guideline sec. 2J1.5 (Failure to Appear by Material Witness), and recommended a sentencing range of 57 to 71 months imprisonment.

At Jones' sentencing hearing on January

2, 2001, the district court admonished Jones for refusing to comply with the Agreement, but found that because there was no evidence that Jones intended to obstruct justice, Guideline sec. 2X3.1 did not apply./2 Applying Guideline sec. 2J1.5, the district court determined that Jones' offense level was 7, resulting in a sentencing range of 4 to 10 months imprisonment.

The government then moved for an upward departure pursuant to Guideline sec. 5K2.0./3 Under that Guideline, an upward departure would be appropriate if Jones' refusal to testify distinguished his "case from the 'heartland' cases covered by" Guideline sec. 2J1.5. U.S.S.G. sec. 5K2.0. The government requested that the district court apply a 17-level upward departure and sentence Jones to 71 months imprisonment. The district court granted the government's departure motion and stated that its decision to apply an upward departure to Jones' sentence was based on Jones' repeated refusals to testify and on this court's decision in United States v. Simmons, 215 F.3d 737, 743 (7th Cir. 2000) (upholding upward departure based on Guideline sec. 5K2.0 for defendant's failure to comply with plea agreement requiring him to testify in future proceedings).

On January 4, 2001, the district court entered an order stating that as in Simmons, 215 F.3d at 743, Jones' actions warranted an upward departure in the amount necessary to take away the benefit conferred upon Jones in 1996. The district court calculated that the benefit of the1996 downward departure was 66 months,/4 and it added this amount to the 10 month sentence that was the upper end of the applicable range. Thus, the district court sentenced Jones to 76 months imprisonment on each of the three criminal contempt counts, to be served concurrently.

II. Analysis

A. Standard of Review

On appeal, Jones alleges that: 1) the district court's grounds for applying the upward departure were improper and 2) the extent of the upward departure in this case was unreasonable. We review a district court's decision to depart from

the Sentencing Guidelines for abuse of discretion and accept the findings of fact underlying the departure unless they are clearly erroneous. See id. at 741. Jones does not contend that the district court's findings of fact were in error. Further, we review the district court's determination of the extent of the departure for abuse of discretion, and "will uphold the extent of the departure taken as long as it is reasonable and adequately reflects the structure of the Guidelines." Id. (quotation omitted).

B.  Appropriateness of Grounds for Departure

   The Sentencing Guidelines direct district courts to apply Guideline sec. 2X5.1 when sentencing defendants for criminal contempt. See U.S.S.G. sec. 2J1.1. In turn, Guideline sec. 2X5.1 directs courts to apply the "most analogous guideline," U.S.S.G. sec. 2X5.1, because "misconduct constituting contempt varies significantly." U.S.S.G. sec. 2J1.1. In this case, the district court chose to sentence Jones under Guideline sec. 2J1.5 (Failure to Appear by Material Witness) because Jones' criminal contempt consisted of failing to testify before Scott's grand jury and at Scott's trials, as he was required to do under the Agreement. We conclude that the district court correctly chose the most analogous Guideline. See Simmons, 215 F.3d at 742 (stating that Guideline sec. 2J1.5 defines the "most closely analogous [behavior] to [a] refusal to comply with an order to testify"). The district court then noted that the applicable sentencing range under Guideline sec. 2J1.5 was 4 to 10 months imprisonment.

   After choosing the applicable sentencing range, the district court could apply an upward departure if it found that Jones' behavior was outside of the "heartland" of conduct embodied by Guideline sec. 2J1.5. See Simmons, 215 F.3d at 742. In other words, if Jones' behavior was more egregious than the behavior normally punished under Guideline sec. 2J1.5, then the district court was permitted to apply an upward departure. See id. Here, the district court applied an upward departure because Jones' refusals to testify amounted to a breach of the Agreement. Further, the benefit of the Agreement had already been conferred to

Jones in the form of a downward departure applied to his drug sentence.

We addressed the application of an upward departure based on this exact type of behavior in Simmons, 215 F.3d at 742-43. In that case, the defendant pleaded guilty to bank robbery pursuant to a plea agreement with the government, which required the defendant to testify at the trial of Dwayne Reed. See id. at 739. After the defendant testified at Reed's first trial, which ended in a mistrial, the government moved for the application of a downward departure for the defendant's bank robbery sentence, and the district court granted the motion. See id. At Reed's second trial, however, the defendant refused to testify, and the district court found him guilty of criminal contempt. See id. at 739-40. In sentencing the defendant for criminal contempt, the district court applied an upward departure, justifying its decision by stating that the defendant had received a benefit from the plea agreement in the form of a reduced bank robbery sentence. See id. at 740. Further, because the defendant had breached that plea agreement by refusing to testify at Reed's second trial, the upward departure would take away the benefit conferred upon the defendant with respect to his bank robbery sentence. See id. at 742-43. On appeal, this court upheld the application of the upward departure on these grounds because the defendant's "outright refusal to testify, coupled with his change of heart as to his decision to testify, served to distinguish [defendant's] behavior from other behavior within the heartland of sec. 2J1.5." Id. at 742.

The facts in the present case are strikingly similar, if not more egregious. After his drug convictions, Jones entered into an Agreement with the government, under which he was obliged to "provide complete and truthful testimony to any grand jury, trial jury, judge, or magistrate in any proceeding in which he may be called to testify by the government." (italicized emphasis added). Jones testified in front of a grand jury that was investigating Scott, and accordingly, the district court applied a downward departure to Jones' drug sentence. Thereafter, Jones refused to provide grand jury testimony three times

and refused to testify at both of Scott's trials. Because of these five refusals to testify, Jones was convicted of criminal contempt. The district court then applied an upward departure to Jones' criminal contempt sentence, justifying its decision by stating that it found Jones' "refusal to testify [to be] outside of the heartland of conduct contemplated by the Sentencing Commission. As in Simmons, [Jones] initially agreed to cooperate, testified, received a benefit for his cooperation, and then, refused to testify." Further, the district court stated that it wanted "to strip [Jones] of the benefit of his sec. 5K1.1 reduction in his [drug] sentence." Therefore, as in Simmons, 215 F.3d at 743, we hold that the district court did not abuse its discretion by applying an upward departure based on Jones' refusals to testify.

Jones' arguments to the contrary are unavailing. First, Jones' reliance on Guideline sec. 5K1.2, which states that a "defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor," is misguided. U.S.S.G. sec. 5K1.2. Jones has cited no authority that suggests that Guideline sec. 5K1.2 applies to a situation where the defendant received a benefit for agreeing to assist the government and thereafter refused to comply with that agreement. In fact, there is precedent holding that this exact kind of behavior does warrant an upward departure. See Simmons, 215 F.3d at 742-43.

Next, Jones contends that because "generalized dissatisfaction with the Guidelines . . . is not a reasonable basis" for applying an upward departure, his sentence should be reversed. United States v. Scott, 914 F.2d 959, 964 (7th Cir. 1990) (citations omitted). This principle is not applicable to the case at hand because the district court specifically stated that it was applying the upward departure because "[Jones] initially agreed to cooperate, testified, received a benefit for his cooperation, and then, refused to testify." We reject the contention that the district court applied the upward departure because of any dissatisfaction with the applicable Guideline.

Finally, Jones contends for the first time in his reply brief that he did not breach the terms of the Agreement. Jones bases this claim on the fact that on January 7, 1999, when the government sought Jones' grand jury testimony, it stated that it was not "calling [Jones] before the Grand Jury in any way connected with [the Agreement]." Jones did not mention this argument in his opening brief and did not adequately develop it in his reply brief because he discussed no legal authority addressing how the government's statement affected the continuing validity of the Agreement. See 330 West Hubbard Rest. Corp. v. United States, 203 F.3d 990, 997 (7th Cir. 2000) (stating that argument inadequately developed when not bolstered by legal authority). Therefore, without passing judgment on the merits of this contention, we hold that Jones has forfeited this argument on appeal. See, e.g., United States v. Guy, 174 F.3d 859, 862 n.1 (7th Cir. 1999).

C.   Reasonableness of Sentence

   Jones also argues that even if it was reasonable for the district court to apply an upward departure, the extent of the departure in this case was unreasonable. Sentencing courts need not adhere to a mathematical approach in determining the extent of the departure, but rather need only "link the degree of departure to the structure of the Guidelines and justify the extent of the departure taken." Simmons, 215 F.3d at 743 (quotation omitted). In Simmons, the district court applied an 8-level upward departure to the defendant's criminal contempt sentence, which took the defendant up to an offense level of 23 and resulted in a sentence of 57 months imprisonment. See id. We held that the extent of this departure was reasonable because it accounted for the 55 month benefit that the defendant had received as a result of the downward departure applied to his bank robbery sentence. See id. at 743.

   In the present case, the district court applied a 17-level upward departure to Jones' criminal contempt sentence, resulting in an offense level of 24 and a sentence of 76 months imprisonment. Jones' applicable range for the drug

convictions was 188 to 235 months imprisonment, and the district court stated that it would have sentenced Jones to 210 months imprisonment had no downward departure been applied to Jones' drug sentence because it was its normal practice to sentence defendants to the middle of the applicable range. The district court then added the 66 months (210 months minus 144 months) to the 10 month sentence from the applicable range under Guideline sec. 2J1.5. As Jones concedes in his opening brief, "the 66 months [were] required to take back Mr. Jones' 5K1.1 departure." Therefore, the extent of the upward departure in this case was reasonable "because it took away the benefit conferred upon" Jones by the downward departure applied to his drug sentence. Simmons, 215 F.3d at 743 (quotation omitted).

On appeal, Jones proffers several arguments urging us to overturn Simmons, which we decline to do. Jones also argues that even under Simmons, the 17-level departure in this case was unreasonable because it increased Jones' offense level by over twice as many levels as the 8-level departure in Simmons, 215 F.3d at 743, did. This argument is also unavailing. We found Simmons's upward departure, which resulted in his offense level being 23, to be reasonable. See id. In this case, Jones' upward departure resulted in his offense level being 24. Further, Jones' conduct was more egregious than Simmons's because Jones refused to testify five times, whereas Simmons only refused to testify once.

III.  Conclusion

For the foregoing reasons, we AFFIRM Jones' sentence.

FOOTNOTES

/1 Guideline sec. 5K1.1 provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

/2 Judge Mills presided over Jones' trial for the drug convictions, entered Jones' drug sentence, presided over Scott's trials, and presided over Jones' criminal contempt case and sentencing.

/3 Guideline sec. 5K2.0 provides that "the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'"

/4 The district court calculated the 66 month benefit by subtracting the 144 month sentence actually imposed on Jones from 210 months--the middle of the applicable range of 188 to 235 months imprisonment.