In the

# United States Court of Appeals

## For the Seventh Circuit

No. 03-1234

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH GRIFFITH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 02-10089-001—**Michael M. Mihm**, *Judge.*

ARGUED MAY 19, 2003—DECIDED SEPTEMBER 26, 2003

Before EASTERBROOK, ROVNER, and EVANS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Joseph Griffith pleaded guilty to distributing child pornography, 18 U.S.C. § 2252(a)(1), and was sentenced to 262 months' imprisonment. Griffith challenges an upward departure aimed at addressing the seriousness of his criminal history and the danger that he would present in the future. We affirm.

Griffith operated an Internet web site where he posted 80 to 90 photographs of prepubescent children who were nude or scantily dressed and were posed in sexually provocative positions. Some of the photographs depicted young children engaged in violent sexual acts with other

children or adults. Griffith did not charge a fee for access to the photographs, but he did expect others to post similar photographs on his web site. He threatened to disallow access to the site to individuals who did not post photographs and warned that he would not share his approximately 1,000 additional photographs if the others did not start posting. One individual with access to the web site reported Griffith's activity to the authorities, and Griffith was arrested.

Griffith pleaded guilty without the benefit of a plea agreement, and the court adopted the sentencing recommendation outlined in the presentence report. Specifically, the judge concluded that Griffith's crime gave him a base offense level of 17, which the court then increased by several adjustments. U.S.S.G. § 2G2.2. First, the court added two levels because the photographs portrayed prepubescent minors under the age of 12. *Id*. § 2G2.2(b)(1). Next, the court increased the base offense five more levels because the offense involved distributing child pornography in exchange for "the receipt, or expectation of receipt, of a thing of value," *i.e.*, additional illicit photographs. *Id*. § 2G2.2(b)(2)(B). Griffith also received a four-level adjustment because he distributed a photograph of a nude child chained by the ankle, which the judge deemed to portray sadistic or masochistic conduct. *Id*. § 2G2.2(b)(3). The judge also imposed a five-level increase because Griffith had engaged in a pattern of sexually abusing minors. *Id*. § 2G2.2(b)(4). Finally, the court added two levels for Griffith's use of a computer to transmit the photographs. *Id*. § 2G2.2(b)(5). Those adjustments resulted in an offense level of 35, which was subsequently reduced by three levels because Griffith accepted responsibility. *Id*. § 3E1.1(a), (b)(2).

After deciding the appropriate offense level, the court determined that Griffith's past criminal conduct placed him in criminal history category IV. Among other of-

fenses, Griffith had two prior convictions for sexually abusing children, but one of them—a conviction of first-degree sexual assault for raping a 12-year-old girl—was not included in the calculation because that conviction had occurred more than ten years before the current offense and Griffith had received only a six-month sentence of imprisonment. *See id.* § 4A1.2(e).

Griffith's total offense level of 32 and his criminal history category of IV yielded a sentencing range of 168 to 210 months' imprisonment. The probation officer, however, noted in the presentence report ("PSR") that the court may depart from that range based on several aggravating circumstances that were not adequately considered by the guidelines. *Id.* § 5K2.0. The PSR recommended an upward departure based on the number and type of photographs that Griffith distributed, his two prior convictions for sexually abusing children, and his three failed attempts to complete a treatment program for sexual offenders. After Griffith's third failed attempt at treatment, he admitted that the therapy was not helping him with his "arousal patterns." Moreover, the probation officer noted that Griffith would no longer be accepted in the treatment program for further therapy and that he had crossed the line from looking at photographs of children to personally victimizing them. The PSR noted that § 2G2.2 of the guidelines allows for a departure if the defendant received a five-level upward adjustment for engaging in a pattern of sexual abuse of minors where that adjustment "does not adequately reflect the seriousness of the sexual abuse or exploitation involved." U.S.S.G. § 2G2.2, comment. (n.2).

The government did not request an upward departure, instead suggesting a sentence of 210 months' imprisonment, the top of the calculated guideline range. Griffith objected to the PSR. First, regarding the comment that Griffith had crossed the line from looking at photographs

of children to personally victimizing them, Griffith clarified that his personal abuse of children occurred before, not after, his distribution of child pornography, and that he did not personally victimize the children depicted in the photographs at issue. Second, Griffith explained that the three failed attempts at treatment all occurred after his second conviction for sexually abusing a minor, emphasizing that he had not personally abused a minor since his treatment.

Although the government did not seek a departure, the court nevertheless concluded that an upward departure was appropriate for several reasons. First, the court characterized the nature of the activity depicted in Griffith's photographs as "more aggravated than any that I've been exposed to in the last 35 years in terms of these kinds of pictures." (Sent. Tr. at 12.) The judge was particularly troubled that Griffith had created a web site so that he could obtain additional photographs. Most importantly, the judge focused on Griffith's criminal history and unsuccessful attempts at rehabilitation:

> It's very unusual for me to depart upward from the guidelines and I do not do it lightly here and I will state for the record that I do not do it out of anger. I do not do it out of an emotional response to this presentence report. I do it because I believe that the record establishes that all of the facts and circumstances here concerning your background, concerning the fact that you do have two convictions for sexual misconduct with minors, that you've had multiple exposures to treatment that appear to be substantially or completely unsuccessful—although, as your attorney says, maybe there was some benefit—when I take all of that together, I don't believe that the guideline range as established here accurately reflects the danger that you will continue to present in the future. I believe that the seriousness of your history is under-

represented in effect taking all of these things into consideration.

(Sent. Tr. at 13-14.) Additionally, the judge concluded that "there is virtually no hope that incarceration or treatment will remove the risk that after you're released you will not revert to this conduct," including "the possibility of some new actual physical assault on a minor." (Sent. Tr. at 13.)

Before imposing the upward departure, the judge discussed with the parties Griffith's opportunity to challenge it on appeal. The judge stated that he would not accept the guilty plea if Griffith had agreed to waive his right to appeal, emphasizing that "it's very important that this decision by me to depart upward be subject to review by the Court of Appeals." (Sent. Tr. at 15.) Griffith's attorney assured the judge that Griffith had not waived his right to appeal, and the judge then proceeded with the upward departure. The court concluded that a departure equivalent to two criminal history categories would adequately reflect his actual criminal history and the danger he presented to children in the future. The adjustment effectively increased the top of Griffith's imprisonment range from 210 to 262 months, and the judge sentenced him to the higher number.

On appeal Griffith challenges the district court's decision to depart upward from his guideline range. In the past we reviewed such departures for abuse of discretion, *Koon v. United States*, 518 U.S. 81, 98-100 (1996); *United States v. Fleischli*, 305 F.3d 643, 659 (7th Cir. 2002), *cert. denied*, 123 S. Ct. 1923 (2003), but Congress has since changed that standard, *see* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(d)(2), 117 Stat. 650, 670 (2003). The PROTECT Act now requires courts of appeals to review *de novo* the bases for

sentences outside the applicable guideline range. 18 U.S.C. § 3742(e) (as amended effective April 30, 2003); *United States v. Semsak*, 336 F.3d 1123, 1125 (9th Cir. 2003). The PROTECT Act, however, does not change our review of the *degree* of a sentencing departure, which is still for abuse of discretion. 18 U.S.C. § 3742(e). This appeal was pending when the Act went into effect, but we need not decide whether we should apply the new standard of review to a pending appeal because we would affirm Griffith's sentence under either standard. *See Semsak*, 336 F.3d at 1125; *United States v. Tarantola*, 332 F.3d 498, 500 (8th Cir. 2003).

Griffith did not raise in the district court the particular arguments he now makes against the departure. Thus, he did not preserve the issues for appeal, and our review is normally for plain error only. *See United States v. Turchen*, 187 F.3d 735, 742 (7th Cir. 1999). The government, however, has not argued forfeiture, and, in fact, stated at oral argument that it could not argue in good conscience that Griffith forfeited his right to challenge the departure. Thus, the government has waived any forfeiture claim. *See United States v. Newman*, 144 F.3d 531, 542 n.11 (7th Cir. 1998).

Griffith argues that the court erred in departing from the guideline range because the reasons for the departure were already factored into his sentence through various adjustments to his offense level. Ordinarily, a district court must sentence a defendant within the applicable guideline range. *Koon*, 518 U.S. at 85; *United States v. Leahy*, 169 F.3d 433, 439 (7th Cir. 1999). Each guideline is intended to apply to a "heartland" of cases, *i.e.*, "a set of typical cases embodying the conduct that each guideline describes." U.S.S.G. ch.1 pt.A, intro. comment. 4(b); *accord United States v. Raimondi*, 159 F.3d 1095, 1101 (7th Cir. 1998). If a judge determines that a defendant's conduct "significantly differs from the norm," the judge

may depart from the applicable guideline range. U.S.S.G. ch.1 pt.A, intro. comment. 4(b). Specifically, a court may depart from the range if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). A court may depart from the range even if the Sentencing Commission already incorporated the reason for the departure in a sentencing adjustment, so long as "the court determines that, in light of unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." U.S.S.G. § 5K2.0; *accord Koon*, 518 U.S. at 95; *United States v. Furkin*, 119 F.3d 1276, 1284 (7th Cir. 1997) (affirming upward departure for excessive obstruction of justice in addition to two-level adjustment in offense level under § 3C1.1).[1]

The district court listed several reasons for departing from Griffith's guideline range: (1) the "aggravated" nature of the photographs; (2) the danger to society that Griffith will present in the future in light of his two prior offenses of sexually abusing minors and his three failed attempts at completing a treatment program for sexual offenders; and (3) the victimization of additional children by Griffith's operation of a web site to obtain more photo-

---

[1] The PROTECT Act has altered these rules with respect to *downward* departures in cases involving certain enumerated offenses against minors. The PROTECT Act now requires judges to base downward departures only on a factor that is "affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements." *See* 18 U.S.C. § 3553(b) (as amended by § 401(a)(2) of the PROTECT Act). Because this case involves an upward departure, we need not determine whether it was based on such a ground.

graphs. Griffith contends that these factors were already considered in the adjustments to his offense level and that the judge did not explain why those adjustments were inadequate.

We disagree. The judge fully explained why he believed this case was unusual and outside the "heartland" of typical child pornography cases. First, the court noted the "aggravated" nature of Griffith's photographs, a factor arguably taken into account by the four-level upward adjustment for distributing photographs portraying sadistic, masochistic, or other types of violent conduct. U.S.S.G. § 2G2.2(b)(3). Here the judge noted an "absolute reaction of horror" to the activities depicted in Griffith's photographs and commented that over the course of his 35-year legal career, during which he unfortunately had seen a lot of child pornography, Griffith's photographs were the worst that he had ever seen. This is exactly the type of comparative analysis envisioned in *Koon*. 518 U.S. at 98 ("Whether a given factor is present *to a degree not adequately considered* by the Commission . . . [is a] matter[ ] determined in large part by comparison with the facts of other Guidelines cases.") (emphasis added).

The court also departed upward because of Griffith's future danger to society in light of his two prior offenses of sexually abusing minors and his three failed attempts at completing a treatment program for sexual offenders. The court had considered Griffith's pattern of sexually abusing minors in adjusting his offense level by five levels, *see* § 2G2.2(b)(4), but a court may also depart from the guideline range on that basis even if the defendant received an adjustment under § 2G2.2(b)(4) so long as the adjustment "does not adequately reflect the seriousness of the sexual abuse or exploitation involved." U.S.S.G. § 2G2.2, comment. (n.2); *see also United States v. Tampico*, 297 F.3d 396, 402 (5th Cir. 2002) (imposing both a five-level increase in offense level and an upward departure

based on defendant's history of sexually abusing minors). Moreover, a court is authorized to depart from a guideline range if the defendant's criminal history category "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3.

The court here was convinced that, based on Griffith's criminal history and unsuccessful attempts at rehabilitation, he would commit future crimes. Griffith had two prior convictions for sexually abusing minors, one for raping a 12-year-old girl and another for touching the genitals of a 15-year-old girl. Moreover, after his third failure of a sexual offender treatment program, Griffith candidly admitted that the therapy was not helping him with his "arousal patterns." Based on this information, the judge found that "there is virtually no hope that incarceration or treatment will remove the risk" that Griffith will commit future crimes, including "the possibility of some new actual physical assault on a minor." The judge further stated that "as long as I lived I would worry about you when you came out [of prison] . . . . I think that there is something broken inside of you that cannot be fixed." (Sent. Tr. at 15.) We see no error in the judge's decision to depart on the basis of future dangerousness, especially in light of Griffith's admission. *See Turchen*, 187 F.3d at 742 (affirming court's decision to depart from guideline range in child pornography case because defendant's criminal history and unsuccessful rehabilitation suggested risk of recidivism).

The court's final reason for departing from the guideline range was Griffith's operation of a web site to obtain additional photographs of child pornography. The court had arguably considered this conduct in imposing a five-level adjustment for distributing child pornography for the receipt, or expectation of receipt, of a thing of value. U.S.S.G. § 2G2.2(b)(2)(B). Here, the "thing of value" sought

by the defendant was additional pictures depicting child pornography. This conduct created a very real incentive for others who wanted Griffith's pictures to victimize other children in order to have something to exchange with Griffith. The court noted this additional victimization, (Sent. Tr. at 13), and this was not accounted for in the "thing of value" language of the guideline. Thus, the increase on this basis was not erroneous.

Finally, Griffith challenges the extent of the departure and contends that the court erred by increasing his criminal history category rather than his offense level to guide the departure. When determining the extent of a departure from a guideline range, a sentencing court need not rely on a mathematical formula but rather must "link the degree of the departure to the structure of the Guidelines and justify the extent of the departure." *United States v. Jones*, 278 F.3d 711, 718 (7th Cir.) (citation omitted), *cert. denied*, 536 U.S. 912 (2002). The court here met that standard by departing upward the equivalent of two criminal history categories. *Cf. United States v. Cross*, 289 F.3d 476, 478-79 (7th Cir. 2002) (concluding that sentencing court failed to link degree of departure to structure of guidelines when it sentenced defendant to statutory maximum prison sentence and mentioned the guidelines only as an afterthought). Additionally, the court did not err in departing two criminal history categories rather than two offense levels, because Griffith's *criminal history* was underrepresented. In any event, the resulting guideline range would have been the same either way—210 to 262 months' imprisonment. Because the upward departure from Griffith's guideline range was not erroneous under any of the relevant standards, his sentence is AFFIRMED.

No. 03-1234                                                    11

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
