**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 12, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 03-3380

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> JOHN D. OHLINGER, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 02 CR 150 <br><br> John C. Shabaz, <br> *Judge*. |

**O R D E R**

Before the Court is defendant-appellant John D. Ohlinger's petition for rehearing. Pursuant to a written plea agreement, on March 30, 2003, Ohlinger pled guilty to transporting in interstate commerce a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). His offense of conviction consisted of e-mailing a photograph of a naked child to an undercover agent on February 16, 2002. The district court also considered as relevant conduct defendant's possession of numerous depictions of children engaged in sexually explicit conduct on his personal computer. The district court departed upward and sentenced defendant to 360 months of imprisonment, the statutory maximum.

Following a limited remand pursuant to *United States v. Paladino*, 401 F.3d 481 (7th Cir. 2005), the district judge reported that he would have imposed the same sentence under an advisory guidelines regime. Thereafter, we affirmed Ohlinger's sentence as reasonable. In his petition for rehearing, defendant correctly points out that we have not ruled on two claimed errors in the district court's application of the

sentencing guidelines. Ohlinger raised these issues in his initial appellate brief, filed prior to this Court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). We therefore grant the petition for rehearing in order to address the district court's application of the sentencing guidelines. Because both parties have extensively briefed the guidelines issues, neither further briefing nor additional argument is necessary. We have examined the record at length and find no error in the district court's application of the sentencing guidelines. Accordingly, we reaffirm Ohlinger's sentence.

The first sentencing argument presented by Ohlinger is that the district court erred in assigning him three criminal history points for a 1983 conviction for oral copulation and molestation of a child under the age of fourteen. Defendant contends that this conviction is too remote in time to count in his criminal history. The guidelines provide that a defendant's criminal history should include "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated . . . within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). "Commencement of the instant offense" includes relevant conduct, which is defined as "all acts and omissions . . . caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. §§ 4A1.2, cmt. n.8; 1B1.3(a)(1). Ohlinger was last incarcerated for the 1983 conviction on October 25, 1986. The question under the guidelines is whether Ohlinger commenced the instant offense (or committed any relevant conduct) on or before October 25, 2001.

The district court found that Ohlinger's relevant conduct began on October 6, 2001 when he created an online profile on a Yahoo! website titled "All Things Sexually Accepted." Ohlinger identified himself on the website as a "pedophile truck driver" interested in "picture trading" and posted a photograph of himself naked. Agent Eric Szatkowski of the Wisconsin Department of Justice, posing as a female pedophile, later began e-mail communications with defendant through this website. Defendant contends that the district court erred in considering his postings to the chat room as relevant conduct, arguing that they were legal and had no relation to the offense of conviction.

Relevant conduct determinations are factual findings that we review with great deference to the district court, reversing only in the case of clear error. *United States v. Breland*, 356 F.3d 787, 795 (7th Cir. 2004). The district court did not clearly err in finding that Ohlinger's October 6, 2001 posting was "in preparation for" his later offense of transmitting child pornography across state lines. Ohlinger had to find a willing recipient in order to transmit the illegal image; he did so through his posting to the chat room in which he identified himself as a pedophile interested in meeting a female pedophile. That Agent Szatkowski did not respond to Ohlinger's posting until several months later does not render his initial message any less relevant to the ultimate offense of conviction.

Moreover, defendant's assertion that his web activity was not illegal by itself does not preclude its consideration as relevant conduct in determining whether the offense of conviction commenced within the fifteen-year period. *See* U.S.S.G. § 1B1.3, cmt. n.1 ("The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability."); *United States v. Gabel*, 85 F.3d 1217, 1223 (7th Cir. 1996) (preparatory acts such as opening several bank accounts and creating a shell corporation could qualify as relevant conduct to the crime of illegal structuring of transactions for the purpose of determining criminal history).

Ohlinger adopts a different strategy in his reply brief, arguing that the 1983 conviction cannot be counted toward his criminal history because the district court also considered that offense as "relevant conduct" to his offense of conviction. According to Ohlinger, the district court considered his 1983 offense as evidence that he had "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," which resulted in a five-level increase to his offense level under § 2G2.2(b)(4). He therefore contends that considering that offense in calculating his criminal history constitutes impermissible double counting.

We need not consider this argument because defendant raised it for the first time in his appellate reply brief. *United States v. Collins,* 361 F.3d 343, 349 (7th Cir. 2004). In any event, we note that the district court did not err in counting the 1983 conviction both toward defendant's criminal history and his offense level. The guidelines expressly instruct the sentencing judge to do so. *See* U.S.S.G. § 2G2.2(b)(4), cmt. n.2 ("Prior convictions taken into account under subsection (b)(4) are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History).").

Ohlinger also contends that the district court's decision to depart upward was erroneous. The court departed upward one criminal history category, from V to VI, on the ground that defendant's criminal history did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. In support of this departure, the district court mentioned a 1981 conviction for child molestation, which fell outside the fifteen-year time limit, as well as sexual abuse described in a 1987 complaint. Defendant argues that the departure decision was erroneous because the court used the same underlying facts to apply the five-point enhancement for pattern of abuse under § 2G2.2(b)(4). He also asserts more generally that his criminal history category was adequate and not outside the heartland of child pornography cases.

Despite the government's contention to the contrary, defendant adequately preserved the departure issue for our consideration on appeal. We review the decision to depart upward de novo. *United States v. Griffith*, 344 F.3d 714, 718 (7th Cir. 2003).

We conclude that this departure was not erroneous. Application note 2 to § 2G2.2 specifically provides that "an upward departure may be warranted if the defendant received an enhancement under subsection (b)(4) but that enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved." Moreover, the district court provided proper and adequate justification for the departure. In announcing its decision to depart, the district court observed:

> The Court has examined the entire file in this matter and found the actions of the defendant most egregious, perhaps more so than any similar case which the Court has had an opportunity to preside over. There is some hardcore [sic] here that is frightening and the Court is of the opinion that the circumstances are indeed egregious.

(Sent. Tr. at 31.) The district court also concluded that "defendant's criminal history is significantly more serious than most defendants in the Criminal V area." (*Id.* at 33.) Finally, the court noted that defendant posed a clear danger to the community and "must be incapacitated by confinement for as long as possible." (*Id.* at 31.)

These reasons provide a sound basis for upward departure. *See* U.S.S.G. § 4A1.2, cmt. n.8 ("If the court finds that a sentence imposed outside [the fifteen-year] time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3."); § 4A1.3(a) (permitting court to consider "prior sentence[s] not used in computing the criminal history category" in deciding to depart); § 4A1.3(e) (permitting consideration of "prior similar adult conduct not resulting in a criminal conviction"); *Griffith*, 344 F.3d at 719-20 (affirming upward departure in sentence for pornography distribution where defendant's photographs were the worst the judge had seen in 35-year legal career and defendant posed serious risk of future dangerousness); *United States v. Turchen*, 187 F.3d 735, 742 (7th Cir. 1999) (affirming upward departure in child pornography case where defendant's criminal history and unsuccessful rehabilitation suggested risk of recidivism).

Because we have determined that the district court did not err in applying the guidelines and that the sentence of 360 months is reasonable, the judgment of the district court is AFFIRMED.