NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2014
Decided January 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-3226

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 1:11-cr-00124-WCG-1 |
| DARRELL M. SCHNEIDER, *Defendant-Appellant*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

Darrell Schneider, a member of the Menominee Indian tribe, pleaded guilty to sexually assaulting a girl on the tribe's reservation in Wisconsin. *See* 18 U.S.C. §§ 2243(a)(1), 1153(a). Schneider unsuccessfully sought to withdraw his guilty plea on the grounds that the district court had not adequately explained his appeal waiver, that he did not understand the guidelines implications of his guilty plea, and that new evidence gave him a credible claim of innocence. On appeal, Schneider abandons those theories and instead seeks to have his guilty plea set aside on a new ground: that he did not understand the nature of the charge against him, and, thus, he did not plead guilty knowingly and voluntarily. Because the district court did not err in accepting Schneider's guilty plea, we affirm Schneider's conviction.

Schneider was arrested in May 2011. The victim, then 15 years old, had confided in a relative that several weeks earlier, in April, Schneider had forced her to drink alcohol until she passed out and then assaulted her. She added that this assault was not the first of its kind. Schneider initially was charged by complaint with one count of abusive sexual contact, punishable by up to three years in prison, 18 U.S.C. §§ 1153(a), 2244(a)(2), and a second count of sexual abuse of a minor, punishable by up to 15 years in prison, *id*. §§ 1153(a), 2243(a). The first count concerned the sexual assault in April 2011, and the second, a previous sexual assault in June 2009.

When Schneider was indicted three weeks later, the charges against him changed. This time he was charged with two counts of sexual abuse, 18 U.S.C. §§ 1153(a), 2242(2). In Count One, for the 2009 assault, he was accused of engaging, and attempting to engage, in a nonconsensual sexual act with the girl, specifically, penetration of her vulva with his penis. In Count Two, for the 2011 assault, the indictment alleged that he engaged, and attempted to engage, in penetration of the girl's vulva and anus with his penis. Both counts now carried the possibility of life imprisonment. Schneider was 39 at the time.

The parties negotiated a plea agreement calling for Schneider, in exchange for dismissal of the indictment, to plead guilty to an information charging him with sexual abuse of a minor. The information alleged that in April 2011, Schneider "did knowingly engage in a sexual *act*, to wit: contact between the penis and vulva of a minor . . . who had attained the age of 12 years but had not attained the age of 16" (emphasis added). As made explicit in the written plea agreement, this offense is punishable by up to 15 years in prison, *see* 18 U.S.C. §§ 1153(a), 2243(a). As part of that agreement Schneider acknowledged that the government could prove that the victim awoke to find him "attempting to place his penis in her buttocks" and that "his penis did make contact with her buttocks." In the plea agreement Schneider consented to waive the right to appeal his conviction or sentence. The appeal waiver makes exceptions only for claims that the punishment exceeds a statutory maximum, that the sentencing court relied on a constitutionally impermissible factor, and that counsel was constitutionally ineffective.

During the plea colloquy the district court noticed discrepancies between the information, the written factual basis, and the definition of "sexual act" found in 18 U.S.C. § 2246(2). Contact between the penis and vulva, as alleged in the information, is a "sexual act." 18 U.S.C. § 2246(2)(A). Contact between the penis and buttocks, as described in the factual basis, would be "sexual contact," but not a "sexual act." *Id*. § 2246(2), (3); *United States v. Waters,* 194 F.3d 926, 935 n.10 (8th Cir. 1999). Thus, the

factual basis suggested not sexual abuse or sexual abuse of a minor, *see* 18 U.S.C. §§ 2242, 2243, but instead the lesser offense of abusive sexual contact, *see id*. § 2244. Under the § 2243 charge, Schneider faced, at most, three years of imprisonment. *See id*. § 2244(a)(2), (3). The parties resolved the discrepancies by agreeing that the information would be edited to allege contact between the penis and anus, which is a sexual act, *id*. § 2246(2)(A), while the factual basis would read that Schneider had tried to penetrate the girl's anus with his penis yet succeeded only in touching her buttocks. These changes, which the district court discussed on the record with Schneider, support a conviction for attempting to engage in a sexual act with a minor, in violation of § 2243(a). (The information, unlike the indictment, does not allege an attempt, but that omission is inconsequential because the statute authorizes conviction for an attempt and Schneider could not have been prejudiced by the oversight. *See* FED. R. CRIM. P. 31(c)(2); *United States v. Feinberg*, 89 F.3d 333, 339 (7th Cir. 1996); *United States v. Martel*, 792 F.2d 630, 638 (7th Cir. 1986).) The district court accepted Schneider's guilty plea.

Four months later, however, Schneider moved to withdraw his guilty plea. The probation officer had concluded that Schneider sexually assaulted the girl previously, including in June 2009, as alleged in Count One of the indictment, and thus recommended sentencing him as a "repeat and dangerous sex offender against minors," *see* U.S.S.G. § 4B1.5. In moving to withdraw the plea, Schneider's newly appointed lawyer said that Schneider had been surprised by the proposed guidelines range because he did not understand that the girl's allegations of past sexual abuse could be taken into account even if he never stipulated to that abuse. Counsel also asserted that the district court had not adequately explained the appeal waiver. The lawyer later supplemented his motion, adding the further assertion that the girl had told a private investigator she lied about the sexual assaults, which, Schneider contended, gave him a credible claim of innocence and thus a fair and just reason to withdraw his guilty plea. Schneider did not contend, however, that he had misunderstood the nature of the charge in the information or was confused by the language changes made during the plea colloquy.

The prosecutor was concerned about the girl's recantation, though, so before the district judge even had considered Schneider's motion to withdraw his guilty plea, the government filed another information and negotiated a new plea agreement with Schneider. The new information charged Schneider with violating § 2244(a)(2) by engaging in abusive sexual contact rather than a sexual act. This charge would have limited the maximum prison term to three years, *see* 18 U.S.C. § 2244(a)(2), though the government further agreed to recommend time served.

At an evidentiary hearing, Schneider testified and repeated his claims of surprise about the sentencing guidelines and ignorance about the appeal waiver. But he also added that he had thought his guilty plea "was for sexual misconduct, not sexual assault." Schneider did not elaborate on this assertion, and his lawyer did not pursue the issue.

The government called as a witness Schneider's former lawyer, Steven Richards, who contradicted Schneider's claims of surprise. Richards testified that he told Schneider that he thought the government would recommend at least a 10-year sentence, and that the 2009 events would be considered when the probation office prepared his presentence report. Schneider also had been "very specific," Richards testified, that he was willing to "own up" to the sexual acts in 2011 but not 2009. Moreover, Richards testified, Schneider was silent about his guilty plea until he received the presentence report. The government also played recordings of jail telephone conversations in which Schneider pressured the victim to get him out of jail and she, at one point, acknowledged recanting her accusations to gain his release.

After evaluating the testimony and phone conversations and reviewing the transcript of Schneider's plea colloquy, the district judge rejected his attempt to withdraw his guilty plea and substitute a new plea agreement. The court reasoned that Schneider's guilty plea to the § 2243(a) charge had been knowing and voluntary and that he had manipulated the victim into recanting her allegations of sexual abuse. The court later imposed a below-guidelines sentence of 96 months' imprisonment.

On appeal, Schneider seeks to have his guilty plea set aside on the ground that he didn't understand what crime he was admitting given the number of times the charges against him were swapped and the last-minute edits to the information and factual basis for his plea. But the contention Schneider makes now about his confusion during the plea colloquy differs from the arguments he raised in support of his effort to withdraw his guilty plea in the district court. For that reason the government argues that this court's review is limited to plain error. *See United States v. Vonn,* 535 U.S. 55, 60–62 (2002); *United States v. Williams,* 559 F.3d 607, 611–12 (7th Cir. 2009); *United States v. Griffith,* 344 F.3d 714, 718 (7th Cir. 2003). Schneider responds that, "arguably," he preserved his present challenge by testifying during the evidentiary hearing that he had thought his guilty plea "was for sexual misconduct, not sexual assault." We need not resolve this dispute, however, because we conclude that the district court did not err in accepting Schneider's guilty plea—plain or otherwise.

We examine the totality of the circumstances in assessing whether a defendant knowingly and voluntarily pleaded guilty to a crime. *United States v. Fernandez*, 205 F.3d 1020, 1025 (7th Cir. 2000). Relevant considerations include the complexity of the charge; the defendant's intelligence, age, and education; whether counsel represented the defendant; the district judge's inquiry during the plea hearing and the defendant's responses; and the evidence proffered by the government. *United States v. Hernandez*, 731 F.3d 666, 670 (7th Cir. 2013); *Fernandez*, 205 F.3d at 1025.

Although a defendant who is confused about the elements of the charged offense cannot knowingly and voluntarily plead guilty to that charge, *see* FED. R. CRIM. P. 11(b)(1)(G); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 770–71 (7th Cir. 2010); *United States v. Ali*, 619 F.3d 713, 719 (7th Cir. 2010), the totality of the circumstances cut against Schneider's appellate claim of confusion. We recognize that the manner in which the government proceeded was not ideal, yet Schneider failed to alert the district judge during the plea colloquy about his purported confusion, and the judge also took adequate steps to remedy any potential confusion. After explaining the changes to the information and factual basis, the district judge asked Schneider how he was pleading. Schneider responded, "I'm going to plead guilty." The judge then asked whether Schneider objected to the court relying on the revised factual basis. Schneider said he understood the changes. Finally, Schneider was asked if he objected to the court relying on the summary of the factual evidence in the plea agreement, as amended, to accept his guilty plea. Schneider said no, and his acquiescence to the revisions contradicts his present assertion that he pleaded guilty based on a misunderstanding of the § 2243(a) charge. *See United States v. Redmond*, 667 F.3d 863, 870–71 (7th Cir. 2012) (noting defendant's heavy burden to overcome veracity of statements made during plea colloquy); *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (explaining that defendant's representations made during plea colloquy typically are binding). And Schneider had ample opportunity afterward to notify the court that he was confused—including his motion and supplemental motion to withdraw the plea and during the evidentiary hearing—but he did not, and there is no support in the record outside of his appointed lawyer's assertions that he did not understand the charges against him. Thus, the district court did not err in accepting Schneider's guilty plea.

Accordingly, we AFFIRM the judgment of the district court.