In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-1089

DARRELL M. SCHNEIDER,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin
No. 15-CV-709 — **William C. Griesbach**, *Chief Judge.*

ARGUED JULY 6, 2017 — DECIDED JULY 19, 2017

Before POSNER, KANNE, and SYKES, *Circuit Judges.*

PER CURIAM. Darrell Schneider pleaded guilty to sexually abusing his minor daughter on the reservation of the tribe to which he belongs. *See* 18 U.S.C. § 2243(a)(1). The district court sentenced him below the guidelines range to 96 months' imprisonment, and we affirmed his conviction and sentence on direct appeal. *See United States v. Schneider*, 600 F. App'x 457 (7th Cir. 2015). Schneider then filed this collateral challenge under 28 U.S.C. § 2255. He principally ar-

gues that his trial lawyer was ineffective for advising him that he met the statutory elements of the offense of sexual abuse of a minor and for not explaining that his prior conduct could be considered during sentencing. The court denied Schneider's § 2255 motion. Because Schneider has not shown that his lawyer's performance was deficient or affected his decision to plead guilty, we affirm the district court's judgment.

In May 2011, when Schneider's daughter M.S. was 15 years old, she told a cousin that Schneider had sexually assaulted her the previous month. M.S. said that Schneider gave her alcohol and waited for her to pass out; when she awoke she saw that he had pulled down her pants and was trying to place his penis in her buttocks as she pushed him away. She added that, since she was 8 or 9 years old, Schneider regularly had assaulted her when he consumed alcohol or cocaine. She had in fact accused Schneider in 2009 of having vaginal intercourse with her then, but she later recanted that accusation, and the authorities took no action against Schneider at that time.

After the cousin relayed M.S.'s accusations to the police, Schneider was charged, but the charges changed over time. Initially he was charged by criminal complaint with two federal crimes. The first count, abusive sexual contact, 18 U.S.C. § 2244(a)(2), carries a maximum sentence of three years in prison and relates to the 2011 assault. The second count, sexual abuse of a minor, § 2243(a), carries a maximum sentence of 15 years' imprisonment and relates to the assault that M.S. first reported in June 2009. Later a grand jury indicted Schneider on two counts of sexual abuse under 18 U.S.C. § 2242(2). The first count charged that in June 2009

Schneider "engaged in, and attempted to engage in," unconsented "penetration and attempted penetration of M.S.'s vulva by Schneider's penis." The second count charged that in April 2011 Schneider had penetrated or attempted to penetrate "M.S.'s vulva and anus" with his penis. The two § 2242(2) counts exposed Schneider to lengthier prison terms than he had faced under the complaint: Sexual abuse of a minor under § 2243(a) carries a possible sentence of up to 15 years, while sexual abuse under § 2242(2) carries a possible life sentence.

Facing the possibility of two life sentences, Schneider accepted a plea offer. In exchange for dismissal of the two § 2242(2) counts in the indictment, Schneider agreed to plead guilty to an information charging him with a single count under § 2243(a) based only on the April 2011 assault. Specifically, the information charged that in April 2011 Schneider engaged in a sexual act involving contact between his penis and the vulva of a minor.

The parties eventually revised the plea agreement to resolve two discrepancies. First, the agreement initially stated that during the assault M.S. "could feel that Schneider was attempting to place his penis in her buttocks," and that "his penis did make contact with her buttocks." But the reference to "buttocks" was inconsistent with the information, which referred to her "vulva." Second, a "sexual act" is defined in 18 U.S.C. § 2246(2)(A) as penetration "between the penis and the vulva or the penis and the anus," whereas contact between the penis and the "buttocks" amounts only to "sexual contact," *see id*. § 2246(3). And a conviction for sexual abuse or sexual abuse of a minor requires a sexual act, *see* § 2242(2); § 2243(a). To resolve these discrepancies the parties agreed

to amend both the information and plea agreement to refer to contact between Schneider's penis and M.S.'s "anus," which is sexual abuse of a minor under § 2243(a).

At the plea hearing, the district court asked Schneider if he understood the plea changes, and Schneider said that he did. The court also explained to Schneider the potential penalties he faced. Although Schneider's attorney had estimated a guidelines range of 37 to 46 months' imprisonment, the court warned Schneider five times that under § 2243(a) it could impose a sentence as high as 15 years' imprisonment. The court also warned Schneider that if the guidelines range turned out to be "closer to five years or above," that, by itself, would not be a reason for Schneider to withdraw his guilty plea. Schneider said he understood this, and the district court accepted his guilty plea.

After a change in appointed lawyers, Schneider moved to withdraw his guilty plea. This motion followed the release of the presentence report, which recommended that Schneider receive a five-level upward adjustment as a "repeat and dangerous sex offender against minors," U.S.S.G. § 4B1.5. Schneider's attorney argued that Schneider did not understand when he pleaded guilty that the court could consider M.S.'s allegations about prior sexual assaults. The attorney also asserted that M.S. had said that she had lied about the sexual assaults, thus giving Schneider what the attorney called a credible claim of innocence.

The court held an evidentiary hearing on the motion. Schneider testified that he had pleaded guilty because he feared that, if he didn't, the government might charge him under 18 U.S.C. § 2241(c) for assaulting M.S. before she was 12, thereby exposing him to a mandatory minimum sentence

of 30 years in prison. But he also insisted that he would not have pleaded guilty to the § 2243(a) charge if he had known that his prior assaults could be considered during sentencing. The prosecutor attacked Schneider's credibility by asking him about numerous recorded phone conversations from jail with M.S. In these calls, Schneider pressured M.S. to recant her accusations. When the prosecutor asked why Schneider violated a no-contact order by repeatedly calling M.S., he professed that he "never knew who [he] was talking to" when he called home. In fact, Schneider had addressed M.S. by name during some of the conversations.

The government also presented testimony from Steven Richards, the lawyer who represented Schneider at the plea hearing, about his advice to Schneider. Richards said he counseled Schneider that the government likely would recommend at least a 10-year sentence. Richards did not recall whether he told Schneider that he could receive a five-level upward adjustment under § 4B1.5. But he did advise Schneider that the assaults likely would be disclosed in the presentence report that the court received and that he would not be able to withdraw his guilty plea if the guideline range was higher than the 37 to 46 months that Richards had estimated. He also concurred that Schneider pleaded guilty to avoid the 30-year mandatory minimum that he would face if he were charged under 18 U.S.C. § 2241.

The district court denied the motion to withdraw and sentenced Schneider. It ruled that Schneider's guilty plea had been voluntary and that he had manipulated his daughter into recanting her charges of sexual abuse. The court found Schneider's credibility "very poor" in light of the recorded phone conversations that proved he lied about not

knowing it was M.S. he spoke with over the phone. On the other hand, the court found Richards "quite credible," and it accepted that Schneider pleaded guilty to the § 2243(a) charge to avoid the 30-year mandatory minimum for a charge under 18 U.S.C. § 2241. Schneider's unsuccessful bid to withdraw his guilty plea cost him a three-level reduction for acceptance of responsibility, increasing his guidelines range from 70 to 87 months to 97 to 121 months. The court imposed a below-guidelines sentence of 96 months' imprisonment.

On direct appeal Schneider, through a third appointed lawyer, argued that his guilty plea was involuntary. The lawyer asserted that Schneider did not understand to which crime he was admitting, citing the last-minute edits to the information and plea agreement. This court rejected Schneider's claim. It explained that, although "the manner in which the government proceeded was not ideal," there was "no support in the record outside of his appointed lawyer's assertions that he did not understand the charges against him."

This collateral challenge to his conviction, based on a claim of ineffective assistance of counsel, followed. Schneider argues that Richards rendered ineffective assistance at the plea hearing by not warning him that his prior conduct could be considered during sentencing and by failing to explain the "inconsistencies in the government's charges." Schneider also faults the attorneys who represented him later at sentencing and on direct appeal for not arguing that Richards was ineffective during plea negotiations. The district court denied Schneider's challenge. It reasoned that Schneider is barred from relitigating the claims he lost or

could have raised on direct appeal, and that there is no merit to Schneider's claim that his various attorneys rendered ineffective assistance.

In this court Schneider, now represented by a fourth lawyer, argues as he did in the district court that he received ineffective assistance from each of his prior attorneys. He first faults Richards for allowing him to "plead to a crime that the admitted facts did not sustain." To establish ineffective assistance, he must show not only that his counsel's performance fell below an objective standard of reasonableness but also that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Schneider has not met this exacting standard.

Schneider's argument focuses on the technical difference between "buttocks" and "anus." Recall that a "sexual act" is defined as "contact between the penis and the vulva or the penis and the anus." 18 U.S.C. § 2246(2)(A). Recall also that in Richard's original plea agreement he admitted that in April 2011 he attempted to "place his penis in M.S.'s buttocks." Because sexual abuse of a minor requires a sexual act and because contact with the "buttocks" does not meet the statutory definition of a sexual act, Schneider concludes that Richards should have advised him to plead guilty to the less serious offense of abusive sexual contact, 18 U.S.C. § 2244.

For two reasons Schneider cannot show prejudice. First, the premise of the argument—that he pleaded to a crime (contact with M.S.'s "anus") that is unsupported by the admitted facts—is wrong. The admitted facts are in the revised plea agreement, and in that agreement Schneider admits that

he attempted to rape his daughter by placing his penis in her "anus." Those facts are sufficient for a conviction for sexual abuse of a minor *See* 18 U.S.C. §§ 2243(a)(1), 2246(2)(A); *Gaiskov v. Holder*, 567 F.3d 832, 838 n.4 (7th Cir. 2009) (explaining that § 2243 "prohibits intercourse with a person between the ages of twelve and fifteen who is at least four years younger than the defendant.")

Second, Schneider cannot show that he pleaded guilty because he thought that the government could prove only contact with M.S.'s "buttocks." He testified at the hearing on his motion to withdraw his guilty plea that he pleaded guilty largely to avoid a charge of aggravated sexual abuse of a minor under 12 and its mandatory minimum of 30 years' imprisonment, *see* 18 U.S.C. § 2241(c). The district court credited that rationale, and we upheld its judgment on direct appeal. The district court's finding, followed by this court's affirmance, is law of the case. *See Peoples v. United States*, 403 F.3d 844, 849 (7th Cir. 2005) (applying law-of-the-case doctrine to collateral proceedings). In any event it is implausible that Schneider would have risked a minimum 30-year sentence in the hope that a trier of fact would conclude that the evidence of placing his penis "in M.S.'s buttocks" did not also show that he attempted to penetrate her anus.

Schneider also unpersuasively faults Richards for not telling him that the sentencing court could consider evidence of his unadmitted prior assaults in calculating the guidelines range. The district court credited Richards's testimony that he advised Schneider that the assaults would be disclosed in the presentence report provided to the court. And even if this court were to set that testimony aside, once again Schneider cannot show prejudice. Both Richards and the dis-

trict court warned Schneider that the guidelines could be higher than Richards's prediction, and the district judge told Schneider *five* times during the plea hearing that he could receive up to 15 years' imprisonment.

Finally, Schneider argues that the attorneys who represented him during sentencing and on direct appeal rendered ineffective assistance because they did not raise the issue of Richards's supposed ineffectiveness. But because Schneider's complaints about Richards's performance are meritless, it necessarily follows that his other lawyers were not ineffective in declining to argue otherwise.

AFFIRMED